## STIVERS ET AL. *v.* McCONNELL.

PRACTICE.—*Bill of Exceptions.*—*Filing.*—A statement signed by the judge, in a bill of exceptions, for the filing of which seventy days had been given, that the same was "tendered, prepared, and signed by the court, within the term, and within the said seventy days given," did not show that the bill of exceptions was filed within the time allowed.

SAME.—Where this court cannot tell from the bill of exceptions whether or not it contains all the evidence, the evidence will not be considered.

APPEAL from the Tipton Circuit Court.

DOWNEY, J.—The appellee sued the appellants and had judgment in his favor, after a trial by the court, and when a motion for a new trial had been made by the defendants and overruled by the court. The only error properly assigned is based on the refusal of the circuit court to grant a new trial.

It is impossible for us to tell whether the evidence is in the record or not, for the reason that we cannot ascertain where the bill of exceptions (if there is any in the record) commences; and after the conclusion of the record, and following the clerk's certificate, are sundry documents appended, which, so far as we can see, are no part of the record. And again, the clerk nowhere shows when the bill of exceptions (if one is in the record) was filed. Seventy days were given the defendants, in which to prepare and tender their bill of exceptions; and preceding the signature of the gentleman signing himself as judge *pro tem.*, it is stated that the bill of exceptions is "tendered, prepared, and signed by the court, within the term, and within the said seventy days given." This does not show that the bill of exceptions was filed within the time allowed, or that it was ever filed. But if it did, as we have already said, we cannot tell what part of the record it embraces. We cannot, therefore, consider the question as to the sufficiency or insufficiency of the evidence, or whether the motion for a new trial was properly overruled or not.

The judgment is affirmed, with two per cent. damages and costs.

*J. Green* and *D. Waugh,* for appellants.

*N. R. Overman,* for appellee.