Shaffer *v.* Matthews, Adm'r.

◆◆◆

No. 8350.

SHAFFER *v.* MATTHEWS, ADM'R.

| 77 | 83 |
| 149 | 159 |
| 150 | 643 |

HUSBAND AND WIFE.—*Antenuptial Contract.*—*Widow's Interest in Personal Estate.*—Where an antenuptial contract had been executed, the provisions of which show that the husband intended to and did limit and define the interest which the wife should take in his property, should she survive him. and she accepted the provision therein made for her, such agreement bars the right of such widow to the sum allowed by statute to a surviving wife.

From the St. Joseph Circuit Court.

*L. Hubbard, W. G. George* and *G. Pfleger*, for appellant.
*A. Anderson* and *J. Brownfield*, for appellee.

ELLIOTT, J.—This record presents a single question. That question is as to the effect of an antenuptial contract entered into between the appellant and the appellee's intestate. That agreement, omitting signatures and formal parts, is as follows : "Articles of agreement entered into by and between David Shaffer, of the first part, and Elizabeth Cobb, of the second part : Whereas a marriage is intended to be had and solemnized between the said David Shaffer and Elizabeth

Cobb, the party of the first part, for himself, his heirs, ex-
ecutors and administrators, doth covenant and agree to and
with the said Elizabeth Cobb, his intended wife, in case the
said intended marriage shall be had and solemnized between
the parties, that, at 'his decease, should she outlive him, the
party of the second part shall be entitled to the one-half of
the personal property by them possessed after the debts,
should there be any, are paid, and also the one-third of the
rents and profits of the farm on which I live, to her own
proper use during her natural life,—at her decease to go to
my heirs. And whereas the party of the first part is in-
debted to the party of the second part in the sum of four
hundred dollars, it is agreed by the party of the second part,
that the said four hundred dollars is to remain in the hands
of the said party of the first part until his decease, then is
to be paid out of the real estate of the party of the first
part to the party of the second part, or her heirs. It is
agreed between the parties, that the property of the party
of the second part shall remain her own to do as she thinks
fit with.''

It is contended by appellant's counsel, that this agree-
ment does not bar her right, as the widow of appellee's in-
testate, to the five hundred dollars allowed by statute. We
think otherwise. The instrument is awkwardly drawn and
incorrectly worded, but there is enough in it to clearly show
that the purpose of the parties, in executing it, was to make
full provision for appellant in the event of her becoming the
widow of the man whom she expected to marry. There can
be no doubt that the man intended to limit and define the
interest which the woman, whom he expected to make his
wife, should take in his property, should she survive him ;
nor can there be any doubt that the woman accepted the
provision so made for her. The right of the woman to retain
absolute ownership and control of her separate property,
the provision that she should take one-half of all her hus-

band's personal property, at his death, and enjoy during life the farm of the husband; are plainly stated, and so stated as to distinctly show an intention to make provision for the woman, in case she became a widow, different entirely from, and in lieu of, that made by statute. It is very evident, from the whole tenor of the contract, that it was not intended that the woman should take both under the contract and under the law. There is, of course, no question of election, for the antenuptial contract settled and adjusted the rights and interests of the parties, leaving nothing open to choice, upon the death of either.

The court below gave the proper construction to the contract, and as this was, and is, the only question in the case, the judgment should be affirmed.

Judgment affirmed.

Opinion filed at May term, 1881.
Petition for a rehearing overruled at November term, 1881.