No. 9774.

NEWCOMER, ADMINISTRATOR, v. PERRIL, GUARDIAN.

From the Hamilton Circuit Court.

*J. Stafford* and —— *Boyd,* for appellant.

*T. J. Kane* and *T. P. Davis,* for appellee.

ELLIOTT, J.—It is impossible to understand or decide the questions involved in this cause without an examination of the entire evidence, and it is well settled that in such a case the appeal will be unavailing unless all the evidence is in the record. *Johnson* v. *Wiley,* 74 Ind. 233; *Wells* v. *Wells,* 71 Ind. 509.

It is quite as well settled that where time is given for the filing of a bill of exceptions, the record must affirmatively show that the bill was filed within the time prescribed. *Singer, etc., Co.* v. *Struckman,* 72 Ind. 601; *Dunn* v. *Hubble,* 81 Ind. 489.

It must appear from the record, independently of the recital in the bill itself, that it was filed within the time designated by the court. *Stivers* v. *McConnell,* 39 Ind. 240.

In this case it is not even shown that any bill of exceptions was ever filed, much less that it was filed in time.

Judgment affirmed.

————————

No. 9319.

BROMLEY v. WHEELER ET AL.

From the Montgomery Circuit Court.

*P. S. Kennedy* and *W. T. Brush,* for appellant.

*G. D. Hurley* and *B. Crane,* for appellees.

WOODS, J.—Action to set aside and annul an entry of replevin bail. The question is, whether a married woman can bind herself by a contract of replevin bail for the stay of execution. That she can not was directly decided in *Eberwine* v. *State, ex rel.,* 79 Ind. 266; see, also, *Patton* v. *Stewart,* 19 Ind. 233; *Behler* v. *Weyburn,* 59 Ind. 143; *Watkins* v. *Abrahams,* 24 N. Y. 72.

Judgment affirmed, with costs.