No. 9,581.

SHAFFER ET AL. *v.* SHAFFER.

PARTITION.— *Widow.—Antenuptial Agreement.—Answer.*—In an action by a widow against her deceased husband's children by a former marriage, for a partition of the land of which he died seized, in which she claims one-third in fee and an additional third for life, an answer which merely alleges that such widow and her deceased husband made an antenuptial contract, whereby her interest in his land, in case she survived him, should be limited to one-third for life, is insufficient upon demurrer, un-

less it also avers that she has no title to the one-third in fee other than such as she claims, as widow.

SAME.—*Interest of Widow in Husband's Lands.*—*Antenuptial Contract.*—Where an antenuptial contract is thus made, limiting the interest of the wife, in case she survives the husband, to one-third of his land for life, she is not entitled also to one-third in fee.

SUPREME COURT.—*Evidence.*—*Record.*—Where a question depends upon the evidence, the record must, as a general rule, contain all the evidence, in order to present the question; but where a question does not depend upon the entire evidence, and it affirmatively appears that all the evidence upon which it does depend is in the record, the question is properly presented.

NEW TRIAL.—*Partition.*—*Finding.*—*Evidence.*—Where the court in a partition suit awards the plaintiff too much of the common property, a motion for a new trial on the ground that the finding is not supported by the evidence will present the question.

From the St. Joseph Circuit Court.

*D. J. Wile,* for appellants.

*L. Hubbard* and *W. G. George,* for appellee.

BEST, C.—This action was brought by the appellee against the appellants for the partition of eighty acres of land in St. Joseph county, Indiana.

The complaint consisted of two paragraphs. The first averred that the land belonged to David Shaffer, who died intestate in March, 1879, leaving the appellee his widow, without children, and the appellants' children by a former marriage; that prior to their marriage they entered into an antenuptial contract, which is fully set forth, whereby, in case she survived him, she became entitled to one-third of said land for life; that as widow she was entitled to an additional third; and the appellants owned the remainder; that it could not be divided, etc.

The second paragraph of the complaint averred that the appellee was the owner of one undivided one-third in fee; that she owned an additional undivided third for life, and the appellants owned the residue; that it was not susceptible of division, etc.

The appellants joined in an answer of two paragraphs. The first was a general denial and the second was special. A demurrer for want of facts was sustained to the second paragraph of the answer and an exception reserved.

The issues were tried by the court and a finding made that the appellee was the owner of the undivided five-ninths of said land, and that the same was not susceptible of division without injury, etc. Over a motion for a new trial because the finding was not sustained by sufficient evidence, and was contrary to law, judgment was rendered upon the finding.

The errors assigned are, that the court erred in sustaining the demurrer to the second paragraph of the answer, and in overruling the motion for a new trial.

The second paragraph of the answer, which was limited to the third of the land claimed in fee, merely averred the execution of the antenuptial contract mentioned in the first paragraph of the complaint, alleged that by its terms the appellee's interest in such land was limited to a third for life, and that after the death of said decedent the appellee accepted and enjoyed the property to which she was entitled by virtue of such contract.

This paragraph was manifestly insufficient. It stated no fact in bar of the case made by the second paragraph of the complaint. This paragraph did not state how the appellee acquired a third of the land in fee, and if she acquired it otherwise than as the surviving wife of said decedent, the antenuptial contract did not impair her title to it, though it limited her right as widow to one-third of the land for life. For aught that is averred she may have acquired it by purchase from the heirs of said decedent. As the paragraph was not limited to the first paragraph of the complaint, and as it was not averred that the appellee had no title other than such as she acquired by the contract and as widow, it was insufficient, and the demurrer was properly sustained.

The averment that she received the property mentioned

in the contract added nothing to the paragraph. If she were entitled to a third in fee in addition to a third for life, as averred, the reception of the property to which she was entitled by the contract did not estop her from claiming a third in fee. The acceptance of the property did not involve an election between inconsistent rights, and, therefore, could not preclude her from claiming other property which also belonged to her. *O'Harrow* v. *Whitney*, 85 Ind. 140.

The paragraph was insufficient and the demurrer properly sustained.

The motion for a new trial is based upon the ground that the finding was not supported by sufficient evidence and was contrary to law.

The appellants insist that the evidence failed to show any title in the appellee to a third of the land in fee, and hence the finding of the court awarding her such interest was not sustained by the evidence.

The appellee insists that the record does not contain all the evidence, and, therefore, this question can not be considered. The bill of exceptions contains all the evidence except that offered to show that the premises were indivisible, and in lieu of this the appellants filed a stipulation that the finding upon such question was supported by sufficient evidence. The record does not contain all the evidence given in the cause, but all given upon the question sought to be presented. This affirmatively appears, and is, in our opinion, enough to present the question. The general rule undoubtedly is, that where a question depends upon the evidence the record must contain all the evidence, but this is not the rule where the question does not depend upon the entire evidence. The rule is thus stated in *Wells* v. *Wells*, 71 Ind. 509, " in all cases where the entire evidence is necessary, in order to present fully the questions arising on the motion for a new trial, the evidence must be in the record. But this is not the case where the question presented is of such a character that

it can be determined as well without the entire evidence as with it."

In this case the question presented can be determined as well without the omitted evidence as with it, and hence no reason exists why it should not be considered. Indeed, if it were here, it could not possibly affect this question, because it was given upon an entirely different subject. The record, therefore, presents the question.

The undisputed evidence in the record shows that the only title the appellee had to the land in question was such as she acquired by the antenuptial contract, and such in addition, if any, as she was entitled to as the widow of such decedent. If she were not entitled to any interest as widow in addition to one-third for life, secured to her by such contract, the finding was not sustained by the evidence and a new trial should have been granted. This contract was before this court in the case of *Shaffer* v. *Matthews,* 77 Ind. 83, where it is fully set forth, and to which reference is made. It was held in that case that the appellee's rights were limited to the provisions made for her by the contract, and that she was not entitled to take in addition thereto under the law. This case is decisive of the question against her. It therefore follows that the court erred in awarding her more than one-third of the land for life, and for this error the judgment should be reversed.

It is proper, however, to say that the above case was decided after the judgment in this case was rendered.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion that the judgment be and it is hereby reversed at the appellee's costs, with instructions to grant a new trial and for further proceedings.