VanVorhis *et al. v.* Shannon *et al.*

———————◆———————

No. 8548.

VANVORHIS ET AL. *v.* SHANNON ET AL.

SUPREME COURT.—*Evidence.*—*Bill of Exceptions.*—The general rule, that the Supreme Court will not award a new trial upon the evidence unless it is *all* in the record, has some exceptions, but they are only where, not by mere inference, but by stipulation or otherwise, it distinctly appears that the omitted evidence had no relation to some particular issue or question

From the Superior Court of Marion County.

*S. Claypool* and *W. A. Ketcham,* for appellants.

*B. Harrison, C. C. Hines, W. H. H. Miller, D. V. Burns* and *C. S. Denny,* for appellees.

BLACK, C.—A number of actions to enforce liens of mechanics and material men against a certain lot and a building thereon in Indianapolis, pending in the court below, having been consolidated, the issues were tried by the court, and the enforcement of some of the liens claimed was adjudged.

On appeal to the general term, the overruling of a motion of VanVorhis and Gaston, the owners of said lot and building, to amend and correct the decree, and the overruling of their motion for a new trial, were assigned as errors. The judgment rendered at special term was affirmed, and this is an appeal from the judgment at general term.

The trial was had and the decree was rendered on the 13th of March, 1878. At the same term, on the 27th of March, the appellants, VanVorhis and Gaston, made their motion to modify the decree, and this motion was then overruled. Afterward, on the same day, the appellants, VanVorhis and

Gaston, made their motion for a new trial, which the court took under advisement.

At the next May term, the motion for a new trial was overruled, and time was then given in which to file a bill of exceptions, which was filed within the time so given.

Under many decisions of this court, this bill, leave to file which was given at the May term, could save no question as to the action of the court at the March term in overruling the motion to modify the decree, or in admitting or excluding evidence; and no other bill was filed.

Of the causes stated in the motion for a new trial the only ones the foundation for which could have been preserved by this bill, were such as would require an examination as to whether there was sufficient legal evidence to sustain the finding; and such examination can not be made unless all the evidence given on the trial be in the record. The bill formally professes to contain all the evidence, but counsel for the appellees have shown us that this statement is contradicted by the bill, in which several items of documentary evidence, shown to have been introduced, are not set out.

The judgment should be affirmed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be affirmed, at the costs of the appellants.

ELLIOTT, J., took no part in the consideration of this cause.
Filed Sept. 20, 1883.

## ON PETITION FOR A REHEARING.

BLACK, C.—In the actions which were consolidated there were involved seven distinct claims against the appellants, which were presented by original or cross complaints, and all tried in one trial. Five of these claims were enforced against the real estate, by the owners of which the assignment of errors is made.

It is insisted that as to four of these the evidence, in effect, showed that the claimants had received payment, and that notwithstanding the record does not contain all the evidence, but

shows that evidence was introduced which is omitted, we may examine and decide as to the sufficiency of the evidence as to these four claims; it being contended that by inspection of the record it may be ascertained that the real question in controversy may be decided as well without the omitted evidence as with it.

It is true, of course, that where a question can be presented to this court as well without the evidence, or without a particular portion thereof, the absence of the evidence in the one case, or the omission of the particular portion in the other case, will not prevent an examination of such question. *Wells* v. *Wells*, 71 Ind. 509.

Even where the question is one concerning the sufficiency of the evidence to sustain the verdict or finding, it may sometimes be determined without the presentation of all the evidence given on the trial; as when there are two distinct questions of fact involved in the conclusion reached of such a character that the evidence relative to one would not affect the other, and the bill of exceptions contains all the evidence given in relation to one of such questions, and it is stipulated by the appellant, or agreed by the parties, that the evidence upon the other question sustained the verdict or finding upon that question, we can treat the latter question as settled for the purposes of the appeal, and proceed with the certainty that all the evidence, the sufficiency of which is denied, is before us. Such a case was *Shaffer* v. *Shaffer*, 90 Ind. 472.

In the case before us, it is impossible for us to know that all or any of the omitted evidence was evidence to any certain effect, or that it could have no influence upon the determination of any particular question involved in the trial. We can not know the full effect of a written instrument introduced in evidence from the mere name by which it may be designated in a bill of exceptions; its effect must be determined from its contents. From the connection in which an instrument was introduced, and the witness or party who produced it, and testimony elicited concerning it, plausible conjectures may

sometimes be made in regard to its contents or portions thereof; but that such instrument did not materially affect the decision of a particular issue, or, if so, in what manner it affected it, would be improper for us, without a knowledge of its purport, to determine in passing upon the question of the sufficiency of the evidence to sustain the conclusion reached upon such issue.

Some of the omitted written evidence was introduced by an attorney who represented the appellants. How can we certainly determine, without knowing the contents thereof, that this evidence did not affect any particular issue or any particular question involved in the trial, or any particular party to the actions on trial?

The case is one prepared for this court with the intention of presenting here all the evidence given on the trial, and insisting upon its insufficiency to sustain the finding as to the portions of the finding affecting some of the parties adverse to the appellants.

We are unable to see in the case an exception to the rule referred to in the original opinion.

PER CURIAM.—The petition for a rehearing is overruled.

