Royse *et al. v.* Bourne *et al.*

ROYSE ET AL. *v.* BOURNE ET AL.

[No. 18,132.   Filed Oct. 6, 1897.   Rehearing denied Dec. 17, 1897.]

PRACTICE.—*Special Finding.—Motion for Judgment.*—A motion for judgment upon the special finding of facts and the conclusions of law taken together is properly overruled. *p. 189.*

SAME.—*Special Finding.—How Conclusions of Law Are Tested.*—The proper mode of testing the validity of conclusions of law based upon a special finding is by an exception, and not by motion for judgment. *p. 189.*

APPEAL.—*Joint Assignment of Error.*—An exception to two separate findings or conclusions of law is not available error if either conclusion is warranted by the facts. *p. 190.*

SAME.—*Bill of Exceptions.—Evidence.*—The Supreme Court cannot consider and decide any question which depends for its decision upon the entire evidence, when the bill of exceptions affirmatively shows on its face that all the evidence is not in the record, notwithstanding a statement in the bill that it contains all the evidence. *p. 191.*

SPECIAL FINDING.—*Amendment of by Trial Court.*—A special finding may, during the term and before the rendition of the final judgment, be amended or corrected to conform to the facts proved. *p.192*

From the Washington Circuit Court.  *Affirmed.*

*J. A. Zaring, M. B. Hottel* and *F. M. Hostetler,* for appellants.

*D. W. Alspaugh, J. C. Lawler* and *Harvey Morris,* for appellees.

JORDAN, J.—The appellees, other than Durnil, as judgment creditors of Gabriel T. Royse, instituted this action to set aside certain alleged fraudulent mortgages executed by said Royse to his co-appellants, the latter being his wife, mother, sister, and brother. Appellee Durnil is a *bona fide* mortgage lien holder upon the lands of Gabriel T. Royse, and his said lien is senior to the mortgages which appellants claim to hold upon the real estate in question. Durnil was made a party defendant in this action, and at the same term of court he commenced proceedings against ap-

pellants to foreclose his mortgage, and on motion his suit was consolidated with this action, and he became a cross-complainant therein.   Upon the issues being joined between the parties on their respective pleadings, both actions were tried as one cause, and, upon request, the court made a special finding of the facts and stated its conclusions of law thereon.   In paragraph three of the special finding, facts are found by the court which entitled appellee Durnil to a judgment upon his notes as against Gabriel T. Royse, and a foreclosure of his mortgage against all of the defendants to his action.

The court's several conclusions of law were numbered one, two and three.   Number one, under the facts found, awarded a judgment in favor of appellee, Durnil, upon his notes and mortgage.   Number two declared the mortgages executed by Gabriel T. Royse on February 23, 1895, to Nancy and William B. Royse to be fraudulent, and that the same should be set aside, and the mortgaged premises subjected to sale in payment of the claims due to the plaintiffs; that the mortgage held by the appellant, Mrs. Jackson, to the amount of $312.00, was fraudulent, and to that amount the same should be set aside, but the remainder thereof, to wit, $808.00, was declared to be valid and held to be a senior lien over the judgment of plaintiffs.   The third conclusion stated the manner in which the proceeds arising from the sale of the mortgaged realty should be applied.   At the close of these conclusions the appellants reserved their exceptions as follows: "To which special findings of the facts and the conclusions of law stated thereon the defendants, and each of them, at the time except." Judgment was rendered in favor of appellees in accordance with the facts and conclusions of law.

Appellants in their assignment of errors have spec-

ified twenty-two rulings of the trial court which they allege are errors, but a part only of these are in any way urged or considered by their counsel. Appellants filed written motions, and in each of these they demanded that the court "render judgment in their favor upon the special findings and conclusions of law herein." These motions were overruled, and appellants now insist that by these rulings the court erred, for the reason that the facts embraced in the special finding were not sufficient to entitle appellees to a judgment; hence, the judgment should have been in favor of appellants, or, at least, in favor of some of the latter, of which particular mention is made in their brief.

The decision of the court in denying the motion or motions in controversy was right, at least for two reasons: First. The motion was so framed as to couple the facts as found and the conclusions of law thereon as stated by the court together, and a demand was made therein for judgment upon both the facts and conclusions. Second. The motion did not proceed upon the theory that the moving party was entitled to a judgment upon the facts, but upon the conclusions of law and the facts taken together. The court's conclusions were, in the main, adverse to all of the appellants, and afforded no foundation for the judgment which they demanded. If appellants believed they were entitled to move for judgment upon the special findings, they ought to have proceeded upon that theory, and not have combined the facts and conclusions together in their motion, and then demand judgment upon both. The validity of conclusions of law based upon a special finding, cannot be reached by a motion for a judgment, but is tested by an exception. This is the recognized practice. See Elliott's App. Proced., sections 757, 793, and cases there cited. To say the least, it is a questionable procedure to move

for a judgment upon a special finding, which is confined to the facts within the issues, after the court has stated its conclusions thereon adversely to the moving party. See Elliott's App. Proced., section 767. Considering the manner in which the facts were stated in the finding upon the issues involved, the motion may also be said to have been too broad and general, as it demanded a judgment upon all the findings. The facts embraced in the third paragraph of the finding upon the notes and mortgage of appellee, Durnil, were clearly distinct, and there is no claim, nor can there reasonably be, that appellants, or any of them, were entitled to a judgment in their favor on these facts. However, without regard to this feature, the motion was addressed to the finding as an entirety, and specified no particular facts upon which a judgment was demanded. As the findings, taken as a whole, upon all the issues, did not warrant a judgment thereon in favor of appellants, or either of them, the motion, for this reason, was also properly denied. See *Johnson* v. *Culver*, 116 Ind. 278; *Louisville, etc., R. W. Co.* v. *Green*, 120 Ind. 367; Elliott's App. Proced, section 770.

It is contended that the conclusions of law, under the facts found, cannot be sustained. Appellees, however, urge that the exceptions of appellants to the conclusions were taken as to all, and to no one in particular, and, if any is correct, the exceptions are not available. There are three conclusions of law, numbered from one to three inclusive. No claim is made that all of the conclusions are erroneous, and it is evident that the first is correctly stated. Therefore, under a well settled rule, we are precluded from reviewing any of the questions which appellants' learned counsel seek to present upon the court's conclusions. *Saunders* v. *Montgomery*, 143 Ind. 185, and

authorities there cited; *Clause Printing Press Co.* v. *Chicago Trust and Savings Bank*, 145 Ind. 682.

It is next insisted that the evidence is not sufficient to support the finding. Appellees, however, confront us with their insistence that we are forbidden by a firmly settled rule, from considering any of the evidence, for the reason that it is affirmatively disclosed by the record that all of the evidence is not included in the bill of exceptions. It appears that a certain written schedule or statement relative to the amount of the indebtedness of appellant, Gabriel Royse, was upon the trial introduced in evidence, and the admission of this evidence is assigned in the motion below as one of the reasons for a new trial. This written document is not included in the bill of exceptions which exhibits the other evidence given in the case. It is true that the bill states that it contains all of the evidence, but it also shows that this statement is not correct, and under such circumstances we cannot consider or decide any question which depends upon the entire evidence. *Lyon* v. *Davis*, 111 Ind. 384; *Lawrenceburgh Furniture Mfg. Co.* v. *Hinke*, 119 Ind. 47; *Chicago, etc., R. W. Co.* v. *Eggers*, 147 Ind. 299.

In the case last cited we said: "When a part of the evidence, documentary or otherwise, given in the lower court, is omitted, it is manifest that this court, upon appeal, cannot intelligently or properly decide what bearing or effect, when considered in connection with the other evidence, ought to be given to the part omitted. Hence, in cases like the one at bar, where the finding of the court or verdict of the jury is assailed upon the ground that the same is contrary to the evidence, the rule asserted applies with full force, and all the evidence must be incorporated into the record, otherwise, we must presume in favor of the ruling of the lower court."

After the special finding was returned and filed by the court, and before the final judgment was rendered, it was discovered that the court had by mistake stated the amounts due to appellee Durnil on his notes, as principal, interest, and attorneys' fees, to be less than was actually due to him under the evidence. Upon the discovery of this mistake, the court, at the suggestion and request of counsel for Durnil, and over the objections of appellants, changed the finding in this respect so as to make it state the correct amount. This, appellants affirm, was error, for the reason insisted that the court having made and filed its finding, possessed no power to make any amendment or change thereto. Several decisions of this court, following *Wray* v. *Hill*, 85 Ind. 546, seem to deny that the trial court has the power to alter or change its special finding after it has been returned and entered of record. These cases, however, upon this point, have been overruled by more recent decisions, which assert a broader doctrine, and hold that the special finding, during the term, and before the rendition of the final judgment, may be properly amended or corrected to conform to the facts proved. *Thompson* v. *Connecticut, etc., Ins. Co.*, 139 Ind. 325; *Dowell* v. *Talbot Paving Co.*, 138 Ind. 675. See, also, *Gulick* v. *Connely*, 42 Ind. 134. It follows, therefore, that the court did not err in amending its special finding.

Complaint is made in regard to the admission of evidence to prove that appellant Margaret Jackson had taken the benefit of the exemption laws upon a certain judgment involved in this cause. We are not cited by counsel for appellant to any part of the voluminous record where this ruling of the court is exposed by a bill of exceptions. For their failure to comply with the rule and requirements of this court in this respect, we must decline to search the record unaided, in order

to discover this alleged erroneous ruling.  *Harness v.*
*State*, 143 Ind. 420.

There is no available error in this appeal, and the
judgment is therefore affirmed.