## CINCINNATI SEATING COMPANY · *v.* NEIRY.

[No. 6,015.   Filed May 15, 1907.]

1. APPEAL.—*Bills of Exceptions.—Omission of Evidence.*—Where the evidence shows that models were used at the trial below and that the references thereto are not intelligible without them, their omission from the bill is an affirmative showing that the evidence is not all in the record.   p. 145.

2. SAME.—*Bills of Exceptions.—Omissions.—Effect.*—Where the evidence omitted from a bill of exceptions is not necessary to the consideration of the questions presented on appeal, such omission does not prevent the consideration of such questions.   p. 146.

3. MASTER AND SERVANT.—*Factory Act.—Dangerous Machinery.— Guards.*—Where a skilled servant was provided with proper guards for the machine with which he was working, but he voluntarily removed them and used the machine without them, refusing to replace them, he cannot recover for injuries received because of his employer's failure to guard such machines.   p. 146.

From Daviess Circuit Court; *H. Q. Houghton,* Judge.

Action by James L. Neiry against the Cincinnati Seating Company. From a judgment for plaintiff, defendant appeals. *Reversed.*

*Hastings, Allen & Hastings,* for appellant.
*Ogdon & Inman* and *Padgett & Padgett,* for appellee.

Roby, P. J.—Action by appellee. The complaint is in one paragraph. . It is founded on §7087i Burns 1901, Acts 1899, p. 231, §9. The particular negligence relied upon was the failure of appellant properly to guard the knives on a wood-working machine, known as a joiner, used in a factory operated by appellant. It is averred that the machine could have been made safe by a proper guard, and because of appellant's negligence in that behalf appellee, who was in its employ, was injured by having four fingers cut off.

The only error assigned is that the court erred in overruling appellant's motion for a new trial, and the only ground for a new trial which is argued is that the verdict is 1. not sustained by sufficient evidence. The verdict was in appellee's favor for $500. Appellee makes the point that the bill of exceptions purporting to contain the evidence affirmatively shows that it does not contain all of the evidence heard in the case. Three different forms of guard were used to illustrate the evidence at the trial. In his transcript of the testimony of one of the witnesses frequent parenthetical references are made by the reporter, of the following tenor: "Witness indicating as he testifies." "Witness indicating." "Again indicating." "Indicating, etc." Where much of the evidence in the bill of exceptions contains reference to models and no diagrams or explanations of the models are given, which would render such references intelligible, the bill of exceptions shows affirmatively that it does not contain all of the evidence, notwithstanding that it recites that it does. *South Bend, etc., Plow Co.* v. *Geidie* (1900), 24 Ind. App. 673; *Consolidated Stone Co.* v. *Summit* (1899), 152 Ind. 297; *Thorne* v. *Indianapolis Abattoir Co.* (1899), 152 Ind. 317; *Westervelt* v. *National Paper, etc., Co.* (1900), 154 Ind. 673. "It is true, there are expressions in some of the cases, where there appears to have been

an omission from the record of some evidence, however insignificant such omission may have been, which seem to hold that no question in relation to the evidence or instructions can be considered in such condition of the record under any circumstances. Such statements must be limited so as not to apply to cases where it appears that the omitted evidence was not necessary fairly to present the question · or questions sought to be raised." *American Fire Ins. Co.* v. *Sisk* (1894), 9 Ind. App. 305, 317; *Johnson* v. *Wiley* (1881), 74 Ind. 233; *Shorb* v. *Kinzie* (1881), 80 Ind. 500; *Indiana Clay Co.* v. *Baltimore, etc., R. Co.* (1903), 31 Ind. App. 258; *White* v. *Cincinnati, etc., Railroad* (1904), 34 Ind. App. 287. The evidence which appears to be omitted does not in anywise affect the question on which the final determination of the appeal depends, and appellee's objection is therefore not well taken.

Appellee testified that at the time he went to work at the joiner there was no guard upon it; that subsequently the superintendent furnished him with C clamps, and directed him to attach a board with said clamps so as to form a guard to the knives of said machine. He did this and used the machine thus guarded. He afterwards took the guard off, his reason for doing so being that the boss said to him: " 'You are doing nothing, simply nothing, Neiry.' So I had to discard this board, for I could not use it and get out the work." He was asked the following questions and made the following answers:

"And you did take the guard off and leave it off? A. Yes, sir; and I put it on and took it off. And you took this spring off that you found on there? A. Yes, sir. And you had neither the guard nor the spring on it when you were hurt? A. No, sir." He ran the machine from three to six months, and was a skilled workman. Appellee testified to a conversation with another workman as follows: "A. No. He was always joking me and said: 'Why don't you put that damned guard on.' What did you say to that? A. I

said: 'I don't have to put that damned guard on for you.' "
A similar guard attached by similar clamps was used, without apparent difficulty, by another employe who operated the machine during appellee's temporary absence, but its use was not continued by appellee upon his return. A proper guard would have prevented the accident. Appellee, upon his own sworn statement, took it off and refused to replace it, as he might have done at any time. The absence of a proper guard is affirmatively shown to have been caused by the voluntary act of appellee, and the absence thereof cannot furnish the basis for a recovery against appellant.

The judgment is therefore reversed and the cause remanded, with instructions to sustain appellant's motion for a new trial and for further consistent proceedings.