WABASH PORTLAND CEMENT COMPANY *v.* EVARTS.

[No. 11,274. Filed June 2, 1922. Rehearing denied June 23, 1922. Transfer denied March 13, 1923.]

1. APPEAL.—*Questions Reviewable.*—*Sufficiency of Complaint.*— *Failure to Challenge Below.*—The sufficiency of the complaint will not be considered on appeal, where that question was not presented in the lower court. p. 373.

2. APPEAL.— *Questions Reviewable.*— *Matters Requiring Consideration of Evidence.*—*Failure to Include all Evidence in Record.*—Where, in an action to recover damage to land resulting from the obstruction of a drainage ditch, a plat, which was the basis of much of the testimony, and a letter from plaintiff's attorneys informing defendant of plaintiff's claim

for damages, were omitted from the record, no questions as to whether the verdict is contrary to law or as to the sufficiency of the evidence or as to the amount of damages, which require a consideration of the evidence, will be reviewed on appeal, since such questions will not be determined in the absence of any of the evidence from the record. p. 373.

3. APPEAL.—*Review.—Questions Depending on Evidence.—Record.—Omission of Evidence.*—Generally, where a question presented on appeal depends upon the evidence, the record should contain all the evidence, but that rule does not apply where the questions to be decided do not require a consideration of the omitted evidence. p. 373.

4. APPEAL.—*Questions Reviewable.—Instructions.—Measure of Damages.— Omission of Evidence from Record.— Failure to Present in Brief.*—Questions as to the correctness of the court's rulings on instructions as to the measure of damages will not be considered on appeal, where part of the evidence is omitted from the bill of exceptions, and the alleged errors are not presented in the points and authorities in appellant's brief. p. 374.

5. APPEAL.— *Review.— Instructions.— Measure of Damages.— Correct Result.*—Any errors in the giving and refusing of instructions pertaining to the measure of damages are immaterial, if, by the measure of damages used, a right result is reached. p. 374.

6. APPEAL.—*Questions Reviewable.— Misconduct of Counsel.— Failure to Present in Briefs.*—Any error of the trial court in overruling objections to a statement by counsel is not presented for review on appeal, where neither the statement nor the objection thereto are set out in appellant's brief, except as a reason for a new trial. p. 375.

7. APPEAL.— *Questions Reviewable.— Admission of Evidence.— Briefs.*—Any error of the trial court in admitting certain evidence to which appellant objected will not be considered on appeal, where the objections and the rulings thereon are not set out in appellant's brief. p. 375.

8. APPEAL.— *Record.— Bill of Exceptions.— Correction.— Procedure.*—The bill of exceptions being a part of the record of the trial court, over which the Appellate Court has no control, the Appellate Court will not, in the first instance, grant a writ of *certiorari* seeking its correction, by ordering the record returned to the trial court for correction, but application must first be made to that court for correction, and then application should be made for return of the transcript to the trial court for use at the hearing, and then, if the record be changed and corrected, application for a writ of *certiorari* could be made to the Appellate Court. p. 375.

From DeKalb Circuit Court; *Dan M. Link,* Judge.

Action by William E. Evarts against the Wabash Portland Cement Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Best & Yotter, Dunten & Dunten* and *John G. Yeagley,* for appellant.

*Fred L. Bodenhafer* and *Luke H. Wrigley,* for appellee.

NICHOLS, J.—Action by appellee alleging damages occasioned by appellant's acts in obstructing a drain or ditch, causing water to overflow the lands of appellee thereby totally destroying the crop of onions growing thereon.

Upon issues formed by a general denial the cause was submitted to a jury for trial which returned a verdict for appellee for $4,000.

The only error assigned and upon which appellant relies for reversal is error of the court in overruling its motion for a new trial.

Appellant contends that the complaint is insufficient, but we give no consideration thereto as the question was not in any way presented in the lower court. Appellee contends that nothing is presented by appellant's brief as to any question pertaining to the evidence for the reason that it affirmatively appears that all of the evidence is not in the record. The omitted parts are two exhibits, one a plat of the situation, and the other a letter from appellee's attorneys informing appellant of appellee's claim for damages. It is the general rule that where a question presented depends upon the evidence, the record should contain all of the evidence, but where there are questions to be decided that do not depend upon the omitted evidence, the rule does not apply. *Shaffer* v. *Shaffer* (1883), 90 Ind. 472; *Van Vorhis* v. *Shannon* (1884), 93 Ind. 97; *Pavey* v.

*Wintrode, Guardian* (1882), 87 Ind. 379; *Johnson* v. *Wiley* (1881), 74 Ind. 233; *The American Fire Ins. Co.* v. *Sisk* (1894), 9 Ind. App. 305, 316, 36 N. E. 659; *Cincinnati Seating Co.* v. *Neiry* (1907), 40 Ind. App. 144, 81 N. E. 216. But questions as to whether the verdict is contrary to law, or as to whether the evidence is sufficient to sustain the verdict, or as to the amount of damages, which require a consideration of the evidence, will not be considered in the absence of any of it. *Newcomer, Admr.* v. *Perril, Gdn.* (1882), 83 Ind. 600; *Central Union Tel. Co.* v. *State, ex rel.* (1887), 110 Ind. 203, 206, 12 N. E. 136, 10 N. E. 922; *Chicago, etc., R. Co.* v. *Eggers* (1897), 147 Ind. 299, 45 N. E. 786; *Royse* v. *Bourne* (1897), 149 Ind. 187, 47 N. E. 827; *Collins* v. *Collins* (1885), 100 Ind. 266. Certainly we must not say that a plat which, as appellee says, and appellant does not deny, was made the basis of the testimony of his witness, the civil engineer, and that was used as the basis of many things described in the testimony of appellee and other witnesses, was without influence in helping the jury to reach a proper verdict.

Appellant has assigned as a reason for a new trial that the damages are excessive, but has made no reference thereto in its points and authorities. It is true that it has challenged the court's action in giving certain instructions pertaining to the measure of damages, and in refusing certain instructions tendered by it on the same subject, but it can make no difference as to the measure of damages used, if in the use thereof a right result is reached. Because of the failure of the bill of exceptions to contain all of the evidence, and because the question of excessive damages is not presented in appellant's points and authorities, we do not consider the instructions as to damages.

Appellant complains of the court's action in overrul-

ing its objection to a certain statement made by appellee's counsel as to changes made in the alleged obstructions after they had caused the injuries complained of.   But we do not find this statement, or the objections thereto set out in appellant's brief, except as a reason for a new trial.   The question is therefore not presented.   The same may be said with reference to certain evidence as to the overflow of lands above appellee's lands.   The objections of appellant, together with the court's ruling thereon are not set out in appellant's brief.   Other questions pertaining to the evidence, and to certain instructions are discussed by appellant, but as they involve the sufficiency of the evidence, we do not consider them.

No reversible error is presented.   Judgment affirmed.

### ON PETITION FOR REHEARING.

NICHOLS, P. J.—Appellant in presenting its petition for rehearing states in its brief that it had, before the opinion of this court was written, made an application to the court for a writ of *certiorari*, thereby seeking to correct the record and that without ruling upon such application the opinion was written.   In this appellant is mistaken.   The application referred to by appellant was submitted to the court and after due consideration was denied.   In such application appellant prayed that the record "be returned to the clerk of the DeKalb Circuit Court, the official reporter of said court, and the judge of said court to correct the record therein, by attaching to such record and including therein as a part thereof the exhibits introduced as evidence at the time of the trial of the cause."   Appellant by this prayer rightly recognizes the bill of exceptions to be a part of the record of the trial court, and if such record is defective the proper procedure

is to make application in the court below, and, after correction, to bring the corrected record up by *certiorari*. Ewbank's Manual §214.

Appellant earnestly contends that the record could have been returned to the court for the purpose of correction, citing *Morgan* v. *Hays* (1883), 91 Ind. 132 and *Harris* v. *Tomlinson* (1892), 130 Ind. 426, 30 N. E. 214. Neither of these authorities, however, bears out appellant's contention; the question in each of said cases being as to the efficacy of *nunc pro tunc* proceedings in a *nisi prius* court. They each furnish an example of the correction of a bill of exceptions by application in the trial court. This court has no control over the record of the trial court and the defect is in the record rather than in the transcript. Had the appellant made its application for a correction of the record in that court, then on application the transcript might have been returned to the trial court for use at the hearing, and had the record been changed and corrected, and had appellant thereafter filed in this court an application for a writ of *certiorari*, a different question would have been presented. Appellant also complains of the failure of this court to consider alleged misconduct of counsel in making statements, for the reason that such statements are not properly presented in the brief, calling our attention to the fact that such statements are twice in the brief, once in the assignment of errors, and again in the motion for a new trial. We do not need to cite authorities to the effect that this presents no question.

The petition for rehearing is denied.