## Grant v. Adams.

(Decided February 25, 1927.)

### Appeal from Laurel Circuit Court.

1. Appeal and Error—Form of Questions Held Not Prejudicial, Where Witness Could Not Have Been Led Astray, so as to Make Erroneous Answer.—Form of questions propounded to intelligent physician held not prejudicial error, where witness could not possibly have been led astray by their form, so as to make an erroneous answer.

2. Municipal Corporations—Evidence that Pedestrian, Injured by Automobile, was Mother of Illegitimate Children, Held Irrelevant. —In action by pedestrian, struck by automobile rounding curve, evidence that pedestrian was unmarried and mother of illegitimate children held propely excluded, as having no bearing on the rights of the parties.

3. Trial—Refusing Instruction Defining Duty of Pedestrain, Struck by Automobile Rounding Curve, Held Not Error, Where Incorporated in Another Instruction.—In action by pedestrian, struck by automobile rounding curve, refusing instruction defining pedestrian's duties on the highway held not error, where instruction was incorporated in substance as qualification to instruction submitting liability.

4. Trial—Defect in Instruction Will be Deemed Supplied, if Instructions Together Substantially Embody Applicable Law.—Instructions are to be considered as a whole, and if, when so considered they substantially embody applicable law, defect in one, standing alone, will be deemed supplied by others.

5. Trial—Instruction to Find for Pedestrian, Struck by Automobile Rounding Curve, if Injured Through Negligence of Automobile Driver, While Exercising Ordinary Care, Held Not Reversible

Error, in View of Another Instruction.—In action by pedestrian, struck by automobile rounding curve, instruction to find for pedestrian, if she was injured through negligence of automobile driver and was exercising ordinary care, held not reversible error, in view of another instruction properly defining defendant's duties, since instructions together properly defined defendant's duties.

6.    Appeal and Error—Jury is Presumed to Give Each Instruction Same Consideration.—Court presumes that jury gives one instruction no more consideration than another instruction.

7.    Appeal and Error—Allowing Recovery for Physician's Bills of Less Than $20.00, by Pedestrian Struck by Automobile Rounding Curve, Though Petition Claimed no Specific Sum Therefor, if Error, Held Not Reversible, in View of Verdict Being for $500.00. —In action by pedestrian, struck by automobile rounding curve, allowing recovery for amount of physician's bills, despite failure of petition to allege that pedestrian was compelled to pay any specific amount for physician's bills, if error, held not reversible, in view of physician's bills being less than $20.00, and pedestrian suffering breaking of small bone just above ankle, bruises, and other injuries, and receiving verdict of $500.00.

8.    Municipal Corporations—Whether Pedestrian Would Have Been Struck by Automobile Rounding Curve, if She Had Not Moved, Held for Jury.—Contradiction in testimony of witnesses as to whether pedestrian, struck by automobile rounding curve, would have been hit if she had not moved from where she was standing, held essentially a matter for the jury.

9.    Municipal Corporations—Finding that Pedestrian, Jumping to Avoid Automobile Rounding Curve, was Not Guilty of Contributory Negligence, Held Sustained by Evidence.—In action by pedestrian, struck by automobile rounding curve, evidence held to sustain finding that pedestrian was not guilty of contributory negligence, even though pedestrian would have escaped injury, had she jumped in the other direction, in view of pedestrian's discovery of approach of automobile when it was only a few feet from her.

WILLIAM LEWIS & SON for appellant.

C. C. WILLIAMS for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

In the late afternoon of July 3, 1924, the automobile of appellant and defendant below, Florence Grant, and in which she was riding at the time, it being driven by her daughter, collided with appellee and plaintiff below, Harriett Adams, who was standing near the edge of the public highway in the outskirts of the town of East Bernstadt, in Laurel county. The right fender of defend-

ant's automobile struck plaintiff and knocked her down, bruising and skinning one of her legs from the knee down and breaking one of the small bones just above the ankle. She was also otherwise bruised on different parts of her body and claimed to have suffered a wrench in her back. That she did suffer considerable pain and loss of time can not be disputed, and an X-ray examination developed the broken bone which plaintiff testified gave her considerable pain and permanently impaired the use of that limb. The permanent impairment of its use was fortified by medical testimony on behalf of plaintiff at the trial of this action brought by her against defendant to recover damages for her injuries sustained and in which she recovered a judgment of $500.00. On this appeal from that judgment counsel for defendant insist that the court erred (1), in refusing instructions offered by defendant; (2), in the instructions it did submit to the jury, and (3), that the verdict was flagrantly against the evidence.

Complaint is also made that the court admitted erroneous testimony over defendant's objections, but it is so unsupported by the record that we have not deemed it necessary to classify or discuss it, since it consists only in the form of a few questions propounded to an intelligent physician, and if it should be conceded that counsel was correct in his criticism of the form of question asked by plaintiff's counsel it would not produce such an error as to be prejudicial to the substantial rights of the defendant, since the witness to whom the questions were propounded could not possibly have been led astray by their form and thereby made an erroneous answer. A like immaterial complaint is made to the court's ruling rejecting tendered evidence that plaintiff was unmarried and the mother of some illegitimate children, since if the offered testimony was true it could have no possible bearing upon the rights of either party growing out of the collision. We will, therefore, discuss only the three grounds mentioned, and in doing so will consider the first two together.

Defendant offered an instruction defining plaintiff's duty as a pedestrian on the highway, and which we might admit properly defined it, but the court refused to give it as drawn separately, but did, in substance, incorporate it as a qualification to the instruction submitting defendant's liability and in such manner as to direct a verdict

for defendant if the collision occurred and plaintiff was injured thereby because of her failure to exercise proper care on her part as a traveler on the highway.

The chief complaint made to the instructions given by the court is directed to Nos. I and III. The first one was general in its language and said to the jury, in substance, that if it believed from the evidence that plaintiff was injured in the manner she claimed through the negligence and carelessness of the driver of defendant's automobile and while exercising ordinary care for her own safety, then the law was for the plaintiff and the jury should so find. If that had been the only instruction on the issue of defendant's negligence, the argument of counsel would, no doubt, be correct, since the failure to define defendant's duties to travelers on the highway would constitute such error as would authorize a reversal of the judgment. We, however, frequently have held that instructions should be considered as a whole and if, when considered together, they substantially embody the law as applicable to the submitted facts a defect in one of them, standing alone, will be supplied by matters and issues correctly submitted in another or others. In this case the court did properly define defendant's duties in instruction V, and under the rule just stated the jury could not have been misled by the failure of the court to incorporate defendant's duties in the general instruction No. I, since it is to be presumed that they gave no more consideration to it than to No. V, and the two together properly defined defendant's duties.

Instruction No. III was the one on the measure of damages. It is a little confused and contains repetitions, and it authorized the jury, if it found for plaintiff, to include physician's bills that she was compelled to and did expend, when there was no amount of that item stated in the petition (it being left blank) and it is argued that no sum being named in the petition to cover that item of damages it was the same as if plaintiff had not mentioned it at all in her pleadings. In the first place, we are not altogether convinced but that defendant cured the omission to fill the blank in the petition by alleging that plaintiff was not compelled to pay *any* amount for physician's bills, and testimony was heard on that issue without objection. Independently, however, of those facts, it appeared in the testimony that plaintiff had expended only $10.00 for the services of her physician, and

that the unpaid for services were not as great as those for which that charge was made. So that, in no event could the entire item exceed $20.00, and in view of the extent of plaintiff's injuries and the amount of the verdict it can not be said that this error, if any, was prejudicial to defendant's substantial rights.

At the time of the collision, which, as we have stated, was nearly dark, defendant was traveling south in her automobile. Plaintiff was walking on the east edge of the surfaced way (there being unsurfaced portions of. the road still east of her) and she met a neighbor just before reaching a curve in the road. They stopped and engaged in conversation, during which plaintiff turned her back to the north, the direction from which defendant's automobile was approaching, and did not see its approach, while her companion continued to face north and did see its approach. The road ran substantially north and south and under the law it was the duty of defendant in rounding the curve to travel at the right (west) edge of the roadway; but according to plaintiff and her witness, who was the companion with whom she was talking, just as the automobile rounded the curve, which was not an exceedingly sharp one, the machine turned diagonally across the road to the left of the driver of the automobile and to the east side of the road where plaintiff and her companion were standing. Both of the latter testified that no signal was given and when the machine was within only a few feet of plaintiff, who, as we have stated, had her back toward it, her companion, who was facing that direction, exclaimed: "Lord have mercy," whereupon plaintiff instantly jumped or moved to her right, which was toward the west edge of the right-of-way, and was struck by the right fender of the automobile. Her companion jumped in the other direction and escaped injury and it is now argued that if plaintiff had done likewise she too would have avoided the collision, and because she did not do so it is insisted she was guilty of contributory negligence. However, we can not agree with learned counsel, since if plaintiff was placed in peril by the negligence of defendant, as the testimony of herself and her companion confirms, she was not guilty of contributory negligence because she did not adopt the safe course while acting in the emergency that defendant's negligence produced. Moreover, plaintiff's proof was also to the effect that if she and her companion had

remained still each of them would have been struck by the center of the automobile, and if that was true then plaintiff would in all probability have received the same injuries had she jumped in the other direction, unless she had made a longer one. But it is insisted in support of this argument that defendant and her daughter (the four being the only witnesses who testified to the actual occurrences) each testified that if plaintiff had not moved from where she was standing the automobile would have passed west of her and without striking her. The contradiction in the testimony of the witnesses was essentially a matter to be determined by the jury, and from its verdict it would appear that the members thereof believed plaintiff and her witness rather than defendant and her daughter. There is no room, therefore, for the contention that the verdict was flagrantly against the evidence, and ground (3) must also be disallowed.

Finding no error prejudicial to defendant's substantial rights, the judgment is affirmed.