MELVIN P. FRANK, and another,

*vs.*

CLARA H. MALLETT, and Trustee.

|  92 |  77 |
| 102 | 390 |

Cumberland. Opinion August 31, 1898.

*Practice. Exceptions. R. S., c. 77, §§ 49, 51; Stat. 1893, c. 174.*

It is settled law in this State that when a cause is tried by the presiding justice without the intervention of a jury, under the R. S., c. 77, § 49, exceptions do not lie to his rulings upon matters of law, unless the right to except has been expressly reserved.

It is equally well settled that under ordinary circumstances his judgment as to the effect of the testimony, and his decision of questions of fact, are conclusive.

By agreement of the parties this cause was heard by the presiding justice without the aid of a jury, in accordance with the statute named. The right of "exceptions in matters of law" was not reserved to either party. There was no entry on the docket indicating any desire or purpose on the part of the defendant to claim such right.

*Held;* upon petition under Stat. of 1893, c. 174, providing for a hearing upon
exceptions which the presiding justice disallows or fails to sign, that the
defendant's exceptions were properly disallowed in the court below and his
petition should be dismissed by the law court.

PETITION BY DEFENDANT TO ESTABLISH EXCEPTIONS.

This was a petition by the defendant and presented to this court
sitting as a court of law praying to have exceptions, alleged by him
at the trial in the court below, established by this court sitting as a
law court and as provided by the statute of 1893, c. 174, as fol-
lows: "Section fifty-one of chapter seventy-seven of the revised
statutes is hereby amended by adding thereto the following words:
"If the justice disallows or fails to sign and return the exceptions,
or alters any statement therein, and either party is aggrieved, the
truth of the exceptions presented may be established before the
supreme judicial court sitting as a court of law upon petition set-
ting forth the grievance, and thereupon, the truth thereof being
established, the exceptions shall be heard, and the same proceed-
ings had as if they had been duly signed and brought up to said
court with the petition. . . . ."

The petition was presented to the court sitting at Portland
within and for the western district, July term, 1898; and notice
having been ordered thereon the parties were heard at that term.

The case is sufficiently stated in the opinion.

*M. P. Frank and P. J. Larrabee,* for plaintiff.

*W. E. Ulmer,* for defendant.

SITTING: PETERS, C. J., EMERY, WHITEHOUSE, STROUT, SAV-
AGE, JJ.

WHITEHOUSE, J. This cause was heard by the presiding jus-
tice without the aid of a jury and a decision rendered in favor of
the plaintiffs. The defendant's counsel alleged exceptions to the
rulings of the presiding justice in excluding certain testimony
offered at the hearing and also excepted "to the judgment of the
court in the case." These exceptions were presented to the presid-
ing justice and disallowed by him. The case comes to this court
on the defendant's petition to have the truth of her exceptions

established before the law court in accordance with the provisions of section one of chapter 174 of the public laws of 1893.

It appears from the docket entries in the case that the cause was heard and determined by the presiding justice by agreement of the parties in accordance with section 49 of chapter 77 of the Revised Statutes. The right of "exceptions in matters of law" was not reserved to either party. There is no entry on the docket indicating any purpose or desire on the part of the defendants to claim such right. No requests for rulings upon questions of law were submitted to the presiding justice, and no such rulings appear to have been made by him. On the contrary it may fairly be inferred from the defendant's omission to claim the right of exceptions by entry upon the docket, as well as from the fact that by consent of the parties the case was tried without the services of a stenographer and from all the evidence before the law court, that the right of exceptions was mutually understood to be waived.

However that may be, it is settled law in this state that when a cause is tried by the presiding justice without the intervention of a jury, in accordance with the provisions of R. S., c. 77, § 49, above cited, exceptions to his rulings in matters of law do not lie, unless there has been an express reservation of the right to except. *Reed* v. *Reed,* 70 Maine, 504; *Roxbury* v. *Huston,* 39 Maine, 312; *Dunn* v. *Hutchinson,* 39 Maine, 367. In the case last named, as in the principal case, the right to exceptions in matters of law was not reserved, but the defendant alleged exceptions to the exclusion of evidence and to the decision of the cause.

In dismissing the exceptions the court said: "Where a case has been submitted to the presiding justice to be heard and determined by him, we do not understand that exceptions can properly be taken to his decision or proceedings."

In such a case it is equally well settled that, under ordinary circumstances, the judgment of the presiding justice as to the effect of the evidence and his decision as to the matters of fact in issue, are also final and conclusive upon the parties. *Haskell* v. *Hervey,* 74 Maine, 192; *Reed* v. *Reed,* supra; *Kneeland* v. *Webb,* 68 Maine, 540; *Randall* v. *Kehlor,* 60 Maine, 37.

It is therefore plain that the petitioner has failed "to establish the truth" of her exceptions within the meaning of the act of 1893 above named, and that the exceptions presented to the presiding justice were properly disallowed.

*Petition dismissed.*