NATIONAL CITY BANK *v.* PARR ET AL.

[No. 26,342.   Filed June 8, 1933.]

*John O. Spahr, Cook & Walker* and *Louis B. Ewbank,* for appellant.

*William Bosson* and *Jackson & Hinchman,* for appellee.

TREANOR, J.—This action was commenced by appellant against appellee, Modessa Bates Parr, on a promissory note executed by her, payable to her sister and co-appellee, Geneva Bates Myers, by whom it was indorsed to appellant. To the complaint Parr answered by general denial and by cross-complaint against appellant bank and her sister, appellee Myers, alleging that the bank represented to her that her sister was indebted to it on account of several promissory notes, that appellant bank and the Commercial National Bank were about to consolidate and later did enter into a consolidation and that appellant represented to her that in order to effect such consolidation it would be necessary to show that the notes of Myers were paid and requested appellee Parr, as an accommodation to it, to execute the note in suit, representing to her that as soon as the banks were consolidated the note would be returned to appellee and that the note in suit was thus executed and without

consideration. Appellee asked cancellation. Appellee Myers answered the cross-complaint by general denial and filed a cross-complaint against appellant bank alleging that false and fraudulent representations were made to her by one Griffin and one James, cashier of appellant bank, thereby inducing her to execute certain notes in payment for worthless oil company stocks and interests in oil leases sold to her by Griffin; that the notes so executed were later combined in one note for $8,100.00 payable to appellant bank; that James represented to her that the consolidation above referred to was about to take place and asked that she execute in place of the $8,100.00 note her note for $2,500.00 and her check for $5,706.27, which she did, said James knowing that she had less than $10.00 in her account in appellant bank on which the check was drawn; that one Goodrich, president of the bank, and James threatened her with criminal prosecution for issuing said check and that upon their suggestion she told her sister, appellee Parr, that James promised that if said Parr would execute her note for $6,000.00 for 30 days said bank would then surrender said note and would accept another note from appellee Myers, and as a result the note in suit was executed and delivered to appellant. She asked that the note in suit be returnd to her in accordance with the agreement. Appellee Parr filed a further paragraph of answer setting up substantially the same facts as were contained in the cross-complaint of the appellee Myers above referred to, and that appellant failed and refused to cancel and return the note in suit.

Appellee Myers then filed second, third and fourth paragraphs of answer to the cross-complaint of appellee Parr; the second being a general denial. In the third she alleged that she had been a depositor in the appellant bank and was acquainted with James, the cashier; that James, as cashier, introduced to her one Griffin who

claimed to be the general manager of the Sterling Oil Company; that James represented that Griffin had made large sums of money for James' brother; that appellee Myers could rely on what Griffin told her; that Griffin represented to her that his company was producing large quantities of oil; that if she would purchase certain shares of stock, the last of the company's stock available, she would make large profits; that she could execute her notes for the stock, which notes would be carried by appellant until they were fully paid out of the profits returned as dividends on her stock; that all of the representations of James and Griffin were false and known by them to be false at the time; that they were made by each of them for the purpose of inducing her to purchase the stock and certain oil leases; that in reliance upon the representations she purchased the stock and leases, giving therefor her promissory notes totaling $8,100.00; that at the time of the proposed consolidation of appellant with the Commercial National Bank, the notes being past due, she was informed by appellant that it would be necessary for her to take up the notes and it was agreed that in lieu thereof she should execute a new note for $2,500.00 and give her check for $5,706.27; that she did execute and deliver the $2,500.00 note and drew her check as requested, drawn on the appellant bank, though said James knew that she had on deposit in said bank no money in excess of the sum of $10.00; that to take up the check and avoid prosecution threatened by Goodrich, president of the bank, for the issuance of said check, the note in suit was given and indorsed. In the fourth paragraph of answer of Myers to the cross-complaint facts are pleaded setting forth that the note in suit was executed without consideration and was given solely for the accommodation of appellant, the facts set up being much

the same as pleaded in her third paragraph of answer to the cross-complaint.

To appellee Parr's second paragraph of answer, appellant filed three paragraphs of reply, the first being a denial. In the second paragraph it is averred, in substance, that appellant is a bona fide holder in good faith of the note in suit; that prior to the execution of the note appellant had become the holder in good faith of certain notes of appellee Myers which totaled $8,100.00 and which had been renewed a number of times and finally merged in a single note of that sum; that in payment of the $8,100.00 note and interest appellee Myers gave her note for $2,500.00 and her check on the Fletcher Savings and Trust Company for $5,706.27; that the check was not paid; that in order to take up the check, the note in suit for $6,000.00 was given by Parr; that the balance remaining of the $6,000.00 over and above the check was received and retained by appellee Myers. The third paragraph of reply set up substantially the same facts, and added that Myers renewed the notes from time to time with knowledge of all the alleged fraud, thereby waiving any right she may have had to plead fraud. To the cross-complaint of Geneva Bates Myers, appellant, in addition to a denial, filed two special paragraphs of answer setting up substantially the same facts as were averred in its second and third paragraphs of reply to appellee Parr's second paragraph of answer.

Trial resulted in a verdict and judgment for appellee Parr.

The only question which will require consideration is the sufficiency of the evidence to sustain the verdict.

The note in suit was executed by Modessa Bates Parr as an accommodation maker for the payee (her sister), Geneva Bates Myers, who indorsed the note to the appellant bank. The evidence shows that appellant bank knew

that Modessa Bates Parr was an accommodation maker. This fact, in itself, however, would not militate against appellant if it took the instrument as a holder in due course. (The Uniform Negotiable Instruments Act, §29, §11388, Burns Ann. Ind. St. 1926.) It is true that §29 of The Uniform Negotiable Instruments Act states that "such person (i. e. accommodation party) is liable on the instrument *to a holder for value* notwithstanding such holder, at the time of taking the instrument, knew him to be only an accommodation party" (our italics) ; but we assume that a holder who is not a holder in due course, because of some fact other than knowledge of the accommodation, would be subject to the defense of absence of consideration in a suit against an accommodation maker. Unless this is true §29 is absolutely irreconcilable with §58 (§11417, Burns Ann. Ind. St. 1926) which provides that "in the hands of any holder other than a holder in due course, a negotiable instrument is subject to the same defenses as if it were non-negotiable." In an action against an accommodation maker by a purchaser for value without notice who acquired a note after maturity absence of consideration was held to be a good defense by the First District Court of Appeal of California. This decision was approved by the Supreme Court of California.[1] There is conflict in the decisions on this point but we believe that the clause in question in §29 of the Act, properly construed, merely means that absence of consideration between the accommodated and accommodating parties does not in itself constitute a defense against a holder even though he knew of it when he became a holder. Want of consideration is an *infirmity* within the meaning of §52, cl. 4 of The Uniform Negotiable Instruments Act (§11411, Burns,

---

Note 1. *Pacific-Southwest Trust & Savings Bank* v. *Valley Finance Corp.* 99 Cal. App. 728, 279 Pac. 222, 280 Pac. 134.

etc. 1926) and one who becomes a holder with knowledge of this infirmity cannot be a holder in due course. The effect of §29 is to make an exception to the foregoing when the want of consideration of which the holder has knowledge is between an accommodated and accommodating party. Stated another way, one who is in other respects a holder in due course does not lose his rights as a holder in due course against a party to the instrument even though at the time of taking the instrument he knew that such party was an accommodation party. But we do not think that §29 can, in the light of the other sections of The Uniform Negotiable Instruments Act, be construed to allow a holder for value, not otherwise a holder in due course, to recover against an accommodating party. We agree with the following criticism of such a doctrine:

"The doctrine itself, so far from upholding the integrity and ready circulation of commercial paper, strongly tends to supress a large class of such paper, and to ruinously cripple commercial transactions. Accommodation paper, without consideration, is a most important factor in the commercial world. Such paper crowds every avenue of commercial enterprise. Why, then, subject the makers, indorsers, or acceptors of such paper to this species of outlawry, by denying to them the defenses guaranteed to the makers, indorsers and acceptors of negotiable paper for value?"[2]

In the instant case the accommodation maker, Modessa Bates Parr, was entitled to the defense of absence of consideration if appellant was not a holder in due course; but the burden was on her to prove the absence of consideration[3]. This in-

Note 2. For a full discussion see Brannan's Negotiable Instruments Law, 5th Ed. pp. 387 et seq.

Note 3. "Absence or failure of consideration is a matter of defense as against any person not a holder in due course; and partial failure of consideration is a defense pro tanto, whether the failure is an ascertained and liquidated amount or otherwise." §28 of The Uniform Negotiable Instruments Act, §11387, Burns Ann. Ind. St. 1926.

volved no difficulty since it was not questioned that she was an accommodation maker.

Considering only the evidence most favorable to appellees there was some evidence from which the jury could have found the following facts:

(1)   The payee, Geneva Bates Myers, as a result of the fraudulent representations of one Griffin, had purchased worthless oil company stocks and interests in certain leases.  Also that one James, cashier of the appellant bank, had aided Griffin in his fraudulent activities.

(2)   Geneva Bates Myers executed various promissory notes totalling $8,100.00 to pay for the stocks and leases and these were purchased from Griffin by the National City Bank.

(3)   The bank had notice of the fraud, since James, the cashier, with knowledge of the fraud, arranged with Griffin to have the notes discounted at the bank, actually knew of and participated in the discounting of the notes.

(4)   The various notes were merged in one renewal note executed by Geneva Bates Myers in the amount of $8,100.00.

(5)   Later, at the insistence of the bank, Geneva Bates Myers took up the $8,100.00 note by her own note for $2,500.00 and a check for $5,706.27; the bank knowing at the time that there were no funds available to meet the check.

(6)   Under threats of prosecution for issuing the check Geneva Bates Myers, at the suggestion of the bank, procured the $6,000.00 note in suit which was signed by her sister, Modessa Bates Parr, as an accommodation maker, and payable to Geneva Bates Myers, payee, and upon receipt of this note the bank surrendered the unpaid check.

On the facts we must treat the note in suit as a re-

newal of the original notes executed by Geneva Bates Myers; and if the appellant bank was not a holder in due course of the original notes it is not a holder in due course of the note in suit. The jury's verdict was for appellee, Modessa Bates Parr, and in answer to interrogatories the jury found that the original notes were obtained from Geneva Bates Myers by Griffin through fraud and that the National City Bank had knowledge of the defenses to these notes when it purchased them. The jury also found that Geneva Bates Myers was ignorant of the fraud practiced upon her until after the note in suit had been executed. There was no evidence to indicate that Modessa Bates Parr knew anything about her sister's transactions with Griffin or the National City Bank. Since the jury found that Geneva Bates Myers was induced to execute the original notes through fraud the burden was upon the holder, the National City Bank, to prove by a preponderance of the evidence that it was a holder in due course.

We conclude that there was sufficient evidence to support the finding that the original notes were obtained by fraud and that the National City Bank, plaintiff below, took with knowledge of the fraud. Consequently, the plaintiff below was not a holder in due course either of the original notes or of the accommodation note in suit. Not being a holder in due course the plaintiff below (under the facts) was in no better position than an assignee of a chose in action. Since the plaintiff's assignor, the payee, could not enforce the accommodation maker's promise because of absence of consideration it follows that the plaintiff holder was subject to the same defense.

It is not material in the instant suit that Geneva Bates Myers, the maker of the original notes, might have received some value, either from Griffin when

these notes were executed or from the plaintiff bank when, as payee, she endorsed the accommodation note to it, since the plaintiff's failure to be a holder in due course rested upon its knowledge of the fraudulent defect of title of Griffin and not upon absence or failure of consideration.

As between Geneva Bates Myers and the appellant there is merit in the contention of appellant that as a condition precedent to recovery Geneva Bates Myers should offer to restore at least the $292.00 which she received when she indorsed the accommodation note to appellant. But that point is not before us. The record fails to show a verdict or judgment in favor of Geneva Bates Myers against appellant. Modessa Bates Parr received nothing of value from either Geneva Bates Myers or the appellant.

There was no error in overruling appellant's motion for a new trial.

Judgment affirmed.