JAMES C. MADIGAN,
RECEIVER OF FARMERS NATIONAL BANK OF HOULTON

*vs.*

HAZEL H. LUMBERT.

Aroostook.     Opinion, April 5, 1939.

*Doherty & Brown,* for plaintiff.
*Raymond S. Oakes,* for defendant.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

HUDSON, J.   On exceptions by defendant to a decision by a Justice of the Superior Court, who, hearing the case without jury (Sec. 26, Chap. 91, R. S. 1930), rendered judgment for the plaintiff.

On or shortly before December 8, 1928, A. L. Lumbert, an attorney and business man in Houlton, presented to his wife, the defendant, a promissory note form which for his accommodation she signed in blank, which the briefs of counsel mutually concede. Filled in by him it read:

"15,000.00                    Houlton, Maine, Dec. 8, 1928
    "On demand after date I promise to pay to the order of A. L. Lumbert Fifteen Thousand Dollars Payable at Farmers National Bank of Houlton.        with interest
Value received                    HAZEL H. LUMBERT"

The payee discounted this note at the bank, receiving therefor fifteen thousand dollars ($15,000) either in credit or cash.

For determination by the single Justice was the liability, if any, of an accommodation maker of a promissory note negotiated by the accommodated payee at a national bank in obtaining a loan in

excess of his borrowing capacity. U. S. C. A., Title 12, Sec. 84.

As to liability of an accommodation maker, the law as it appears in our Uniform Negotiable Instruments Act (Chap. 164, R. S. 1930) governs, for only therein is such liability established.

Section 29 of the Negotiable Instruments Act, *supra*, provides:

> "An accommodation party is one who has signed the instrument as maker, drawer, acceptor, or indorser, without receiving value therefor, and for the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party."

Considering this section alone, the defendant would be liable as an accommodation maker if it were determined that the plaintiff were only "a holder for value." (It is not claimed that the plaintiff is not.) But other sections of the act must be considered in determining the question presented.

In Beutel's Fifth Edition of Brannan's *Negotiable Instruments Law*, it is said on page 387:

> "It has been agreed with some force that this section of the act is defective in that it allows a 'holder for value,' even though he is not a holder in due course, to recover from an accommodation maker, thus giving a holder of such paper greater rights than a holder of other paper. Taking this sentence literally and by itself there might be some justification for such a position; but when it is read in light of section 16 which makes delivery 'for a special purpose' a defense against parties 'other than a holder in due course,' together with section 55 which makes 'negotiation in breach of faith' a defect of title, and in light of section 58 which provides that 'in the hands of a holder other than a holder in due course, a negotiable instrument is subject to the same defenses as if it were non-negotiable,' it is clear that such defect is entirely removed and amendment seems unnecessary."

These words quoted were written in answer to a suggestion by Professor Brannan that "Section 29 should be amended by substitut-

ing the words 'one who is in other respects a holder in due course' for the words 'a holder for value,' . . ." *Harvard Law Review,* Vol. 26, pages 493, 494, *et seq.*

If Section 29 had been amended as suggested, or if without amendment, because of other sections mentioned it should be interpreted to have meaning as though so amended, then this plaintiff can not recover unless it appears that it is not only a holder for value, but also a holder in due course. Otherwise, as stated in Brannan, *supra,* on page 390 (then dealing with a negotiation after maturity), ". . . the holder for value of accommodation paper occupies a position superior to that of any other purchaser of negotiable paper, since there is no other requirement for his recovery except that he be a holder for value," and, as there said, there would be liability if a plaintiff were simply a holder for value, even though "the instrument was not complete and regular upon its face," were "obtained by fraudulent representations or by threats or undue influence," or were "given upon an illegal consideration, e.g., given to effect a violation of the liquor law or to furnish a house of prostitution or to aid in a burglary or a murder. It might have been signed in blank with an agreement that it should be filled up for a certain sum, and yet be filled up by or in the presence of the transferee for a larger sum."

Also see Sec. 755 on page 335, C. J. S., Vol. 11, where it is stated:

"While § 29 of the Negotiable Instruments Act takes away the defense as against a holder for value that he took the instrument with knowledge that it was accommodation paper and, therefore, without consideration, . . . it does not take away other defenses, and an accommodation party may assert any defense against one not a holder in due course that he could assert against the holder's assignor, . . ."

(In the following paragraph, the quoted broad statement is qualified as to strictly personal defenses which the accommodation party might have, not here pertinent.)

This from *National City Bank* v. *Parr,* 185 N. E., 904, 906 (Indiana):

"But we do not think that section 29 can, in the light of the other sections of the Uniform Negotiable Instruments Act, be

construed to allow a holder for value, not otherwise a holder in due course, to recover against an accommodating party."

And:

"Unless this is true, section 29 is absolutely irreconcilable with section 58 (section 11417, Burns' Ann. Ind. St. 1926), which provides that 'in the hands of any holder other than a holder in due course, a negotiable instrument is subject to the same defenses as if it were non-negotiable.' "

We agree with the reasoning in Brannan, *supra*, and the Parr decision, and hold that an accommodation party is liable to one who holds the instrument as a holder for value unless in other respects it appears he is not a holder in due course.

Called to our attention is a statement in Sec. 647, 7 Am. Jur., on page 470, namely, "An accommodation maker of a note which has been discounted by a bank cannot defend payment on the ground that the bank, in discounting it, loaned in excess of the legal limit." As authority are cited *Allen* v. *First Nat. Bank*, 127 Pa., 51, 17 A., 886 and *Stephens* v. *Monongahela Nat. Bank*, 88 Pa., 157, 32 Am. Rep., 438; but in neither case is the Uniform Negotiable Instruments Law discussed, probably because the decisions antedated its enactment.

Then is this plaintiff a holder in due course?

"A holder in due course is a holder who has taken the instrument under the following conditions:
 (1.)  That it is complete and regular upon its face;
 (2.)  That he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact;
 (3.)  That he took it in good faith and for value;
 (4.)  That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it." Sec. 52, Chap. 164, R. S. 1930.

The defendant contends that the plaintiff did not take this note "in good faith" and so is not a holder in due course. But although the single Justice made no specific findings of fact, it must be deemed

he found as a fact that the plaintiff did take this note in good faith. That finding we may not disturb, even though we would not so have found. When a trial by jury is waived and the parties submit their cause to a single Justice, "this court has nothing to do with the facts as found. Its only duty is to determine whether the law has been rightly applied to those facts as found by the judicial referee." *Kneeland* v. *Webb*, 68 Me., 540. *Reed* v. *Reed*, 70 Me., 504, 507.

"So far as relates to the effect of the testimony, if admissible, the judgment of the justice by whom the cause was heard, is conclusive." *Haskell* v. *Hervey*, 74 Me., 192, 195.

"In such a case it is equally well settled that, under ordinary circumstances, the judgment of the presiding Justice as to the effect of the evidence and his decision as to the matters of fact in issue, are also final and conclusive upon the parties." *Frank* v. *Mallett*, 92 Me., 77, 79, 42 A., 238, 239.

In *American Sardine Company* v. *Olsen*, 117 Me., 26, this Court on page 30, 102 A., 797 on page 799 cited with approval *Frank* v. *Mallett*, supra, and quoted this therefrom:

"In cases heard by a judge without intervention of jury, by agreement, his findings of fact are conclusive."

Also see *State* v. *Intox. Liquors*, 102 Me., 385, on page 390, 67 A., 312, 314 in which the Court said:

"The presiding Justice made no specific findings of fact, but his ruling as a matter of law necessarily involved certain findings of fact, which must be deemed, upon exceptions, to be true."

Likewise the question whether this note was "given to deceive a bank examiner," as claimed by the defendant, was one of fact, which now, for reasons already stated, is not subject to review.

It seems in place to notice that whether the defendant herself might have been competent to testify in such connection is not here open to consideration. *Mount Vernon Trust Co.* v. *Bergoff*, 5 N. E. (2nd), 196.

*Exceptions overruled.*