CONSUMERS FUEL COMPANY
*vs.*
WILLIAM PARMENTER

Waldo.   Opinion, June 22, 1955.

*Lorimer K. Eaton,* for plaintiff.

*Christopher S. Roberts,* for defendant.

SITTING: FELLOWS, C. J., WILLIAMSON, WEBBER, BELIVEAU, TAPLEY, JJ.

BELIVEAU, J.   On exception.   This case was heard by the presiding justice at the April Term 1954, Waldo County, by agreement of the parties, without the assistance of a jury. The right of exception was reserved by both parties as to questions of law. Verdict was for the plaintiff. The defendant excepted to the decision of the presiding justice.

There is no question about the items in the account annexed to the plaintiff's writ or the amounts charged therefor. The controversy is whether or not these items were a charge against William Parmenter or Parmenter Poultry Co., Inc.

The plaintiff offered evidence to substantiate that it was a proper charge against William Parmenter, who, prior to the incorporation of the Parmenter Poultry Co., Inc., conducted his business as an individual under the name of Parmenter Poultry Co.

This was the sole and only issue for the justice to determine on the evidence submitted to him, and he found for the plaintiff in an amount less than that declared on. The issue raised nothing more than a question of fact.

In his decision the justice accepted the plaintiff's version. The exception does not pretend, as we read the record, to raise any question of law but is based on the contention that the evidence was not properly interpreted by the court because there is not in the case enough evidence to warrant or justify a verdict for the plaintiff. This court may not interfere when the issue is one of fact. The finding of the justice is final.

> "When a trial by jury is waived and the parties submit their cause to a single Justice, 'this court has nothing to do with the facts as found. Its only duty is to determine whether the law has been rightly applied to those facts as found by the judicial referee.'
>
> *Kneeland* v. *Webb*, 68 Me., 540. *Reed* v. *Reed*, 70 Me., 504, 507."

To the same effect

*Haskell* v. *Hervey*, 74 Me. 192, 195; *Frank* v. *Mallett*, 92 Me. 77, 79, 42 A. 238, 239; *State* v. *Intox. Liquors*, 102 Me. 385, on Page 390, 67 A. 312, 314.

*Exception Overruled.*