## ROBERTS, GUARDIAN, *v.* TERRE HAUTE ELECTRIC COMPANY.

[No. 5,558.    Filed December 5, 1905.    Rehearing denied February 14, 1906.    Transfer denied May 8, 1906.]

1. EVIDENCE.—*Mental Incapacity.*—*Negligence.*—*Pleading.*—Evidence in chief of the mental incapacity of the plaintiff is inadmissible, where not pleaded, in a case of negligence.    pp. 668, 672.

2. SAME. — *Mental Weakness.* — *Interurban Railroads.* — *Negligence.*—In an action on behalf of a minor twelve years old for damages for injuries caused by an interurban railroad company, wherein defendant, upon cross-examination, introduced testimony that such minor was of a reckless disposition, it is erroneous to exclude evidence in rebuttal showing that such minor was mentally weak.    pp. 668, 671.

3. TRIAL.—*Evidence.*—*Peremptory Instructions.*—In granting a peremptory instruction for defendant the trial court can consider only the evidence and inferences favorable to plaintiff and must treat the evidence favorable to defendant as withdrawn. p. 671.

4. SAME. — *Interurban Railroads.* — *Backing Car over Streets without Lookout.*—*Negligence.*—*Question for Jury.*—The court cannot, as a matter of law, hold that an interurban railway company, in backing a freight-car without any lookout, around a corner and over a much frequented crossing, thereby injuring a minor twelve years old while attempting to cross ahead of such car, is not guilty of negligence, such question being for the jury.    p. 671.

5. SAME.—*Contributory Negligence.*—*How Proved.*—Contributory negligence in personal injury cases is a defense which may be

Roberts *v.* Terre Haute Electric Co.—37 Ind. App. 664.

proved under the general denial, and defendant is entitled to have all evidence introduced by plaintiff on such issue considered. p. 671.

From Superior Court of Vigo County; *Orion B. Harris,* Special Judge.

Action by Henry Roberts, as guardian of Frank Roberts, against the Terre Haute Electric Company. From a judgment for defendant, plaintiff appeals. *Reversed.*

*Stimson & Condit, Frank S. Rawley* and *John O. Piety,* for appellant.

*McNutt & McNutt,* for appellee.

COMSTOCK, J.—Appellant sued appellee to recover damages for personal injuries inflicted upon his ward, by the alleged negligence of the appellee. The complaint is in one paragraph. It alleges, among other matters, substantially the following facts: The appellee owns and operates an electric interurban street railway, having its main line on Wabash avenue and a branch running north on Ninth street, in the city of Terre Haute. Said branch connects with the main line by a westward curve into Wabash avenue. For the purpose of carrying property it runs freight-cars over said railway, some of which are motor cars, other non-motor cars, which are propelled and controlled by coupling them to motor cars. It is highly dangerous for people using said street for trains and street cars to run on said street without a motor car at the front end of the train and a motorman to control said cars at the front of the car, in a position where he can see the tracks, the street and the people in the street in front of said train. While a party of citizens was passing and a crowd of spectators filled the street at that point, among whom was appellant's ward, the appellee negligently backed a freight-train consisting of two cars, the rear a non-motor car, around said curve from Ninth street, into Wabash avenue, and in so doing knocked said ward down, ran said motor

over him, passing the wheels over his left arm and over three fingers of his right hand, mangling and crushing them so that it was necessary to amputate the left arm above the elbow and the three injured fingers. Appellee negligently failed to have any person on said motor car while backing it as aforesaid, and negligently placed the motorman who backed said train where it was not possible for him to see the track, or the street, or the people in front of said backing train, and negligently failed to place a lookout on said train in a place where he could see the track, or the street, or the people in front of said backing train, and that by reason of the appellee's negligent acts aforesaid said ward received said injuries.

Appellee answered by general denial. The issues were submitted to a jury for trial, and at the conclusion of appellant's evidence in chief, appellee moved that the court direct the jury to return a verdict for the appellee, which motion the court sustained. The jury returned a verdict as directed, and the court rendered judgment thereon in favor of appellee that the appellant take nothing by the action and that appellee recover its costs.

The errors assigned are that the court erred (1) in sustaining appellee's motion to strike out parts of the complaint; (2) in overruling appellant's motion for a new trial.

The following are the parts of the complaint stricken out, which is made the first error: (1) "Said interurban railway connects with an electric street railway in said city of Terre Haute, owned and rightfully operated by the defendant, as a common carrier for passengers only, and over which the defendant had no right to run freight-cars or carry property." (2) "On October 8, 1901, the defendant was unlawfully running a train of its said interurban freight-cars, and unlawfully carrying property thereon, over its said street railway within the city of Terre Haute, without first getting the consent of the proper authorities of said city to operate said railway within said city for the

purpose of carrying property or running freight-cars over said railway."

Appellant argues that the using of the interurban freight-cars and the carrying of freight thereon over the lines of urban street railway, without the consent of the proper city authorities, is a wrong done to the general public, and that a wrong done to the general public that results in a special injury to a particular citizen gives to the injured party a good cause of action for damages. Text-writers and decisions are cited in support of this claim. The appellee was authorized to run interurban freight-cars over its tracks by the act of 1901 (Acts 1901, p. 461, §1, cl. 6, 8, §5468a Burns 1901). Under said act street railway companies desiring to construct, or having constructed, any interurban street railway, were granted, in addition to the rights, privileges and powers, already given and granted by law, certain special powers, to wit: "To take, transport, carry and convey persons and property on its said railroad and railroad systems, * * * and to regulate the time and manner in which passengers and property shall be transported, and the tolls and compensation to be paid therefor." The legislature may limit and restrict the authority a city has over its streets. The charter of a municipal corporation may be amended or repealed at the pleasure of the legislature. *Eichels* v. *Evansville St. R. Co.* (1881), 78 Ind. 261, 41 Am. Rep. 561.

The complaint does not allege that the appellee is not complying with the act of 1901, *supra,* but that the carrying of freight is done without the consent of the authorities of the town. The right of appellee to run freight-cars over its lines can not be questioned in this collateral way. In *Hine* v. *Bay Cities, etc., R. Co.* (1897), 115 Mich. 204, 73 N. W. 116, the action was to recover for injuries inflicted upon a child by a car operated by the railway company in a street. The car was moved by electricity, and the matter of authority to use such motive power was asserted and lia-

bility predicated on such alleged kind of power. It was said: "We do not think this question can be raised in this proceeding. The fact was made to appear that the company did operate its cars by electricity, and for the purpose of this case the trial must proceed as though it had the right to do so. If the street railway company is operating its road contrary to the terms of its franchise, the question could undoubtedly be raised by the city in a proper proceeding, but we do not think the question is involved in this issue." *Baker* v. *Neff* (1880), 73 Ind. 68; *Crowder* v. *Town of Sullivan* (1891), 128 Ind. 486, 13 L. R. A. 647; *Chicago, etc., R. Co.* v. *Chicago City R. Co.* (1900), 186 Ill. 219, 57 N. E. 822, 50 L. R. A. 734; *National Bank* v. *Matthews* (1878), 98 U. S. 621, 25 L. Ed. 188.

One of the reasons set out in the motion for a new trial, is the refusal of the court to permit plaintiff to show in rebuttal that the injured boy was a person of weak

1. mind. In making out his case appellant offered to prove the mental incapacity of his ward. The evidence was properly excluded, upon the ground that the mental condition of the injured party had not been pleaded. Later a witness for plaintiff testified that he had seen Frank Roberts a short time before the accident at the corner

2. of Fourth and Main streets, next on the corner of Sixth and Main streets, and last on the corner of Ninth and Main streets, where he was injured. The witness stated that Roberts at Fourth and Main streets was doing nothing; that at Sixth and Main streets he was "on the street backwards and forwards." Upon cross-examination he testified that Roberts jumped in front of a car in motion, tantalizing the motorman; that a police officer asked him to get on the sidewalk; that he went across and got a white boy and they ran in front of the car two or three times; that the motorman told them to keep out of the way. The purpose of this testimony was manifestly to show the reckless disposition, giving character to the conduct of Roberts, up to

a very short time before the accident.   Mental incapacity is pertinent to the question of contributory negligence.   We believe that appellant should have been permitted to lay before the jury his mental condition, that they might determine from the facts whether his apparently heedless conduct was or was not due to a weak mind.   As the law now is a plaintiff in an action of this character has only to allege and show that he was injured by the fault of the defendant, the burden of proving negligence upon the part of the plaintiff resting upon the defendant.   Upon rebuttal the evidence of incapacity was competent without pleading, and should therefore have been admitted.

The action of the court in directing the jury to return a verdict in favor of appellee is discussed.   That instruction was given after the exclusion of evidence, which we think should have been admitted.   The rule as to directing verdicts has been often stated, and most recently in this State in *Haughton* v. *Aetna Life Ins. Co.* (1905), 165 Ind. 32.

The judgment must be reversed for the reason stated, and as we do not wish to intimate any opinion as to the merits of the case with the excluded evidence admitted, we do not refer further to said rule.   It was not error to strike out the parts of the complaint above given.

Judgment reversed, with instructions to sustain appellant's motion for a new trial.

Wiley, J.—I concur in the conclusion reached, on the sole ground that the court erred in excluding the evidence referred to in the opinion.   Roby, C. J., concurs with Wiley, J.

## On Petition for Rehearing.

Roby, C. J.—Appellee's counsel support their petition for a rehearing by reference to the well-established doctrine that a judgment which is shown to be correct upon the facts will not be reversed on account of uninfluential error.   It is true, as they contend, that in the absence of evidence

tending to establish negligence upon the part of the defendant, the exclusion of evidence illustrating the care exercised by appellant's ward does not afford cause for reversal. The candid and intelligent argument directed to these propositions may not fairly be ignored.

It is averred in the complaint that appellee ran a train consisting of two cars backwards along Ninth street, around a curve into Wabash avenue, a street running at right angles to Ninth street, while a parade of citizens was passing and said streets were filled at that place with spectators; that it negligently backed said train around said curve and over said streets, and in thus doing knocked appellant's ward down and ran the car over him, inflicting the injuries complained of. It is also averred that appellee negligently failed to have a lookout on the non-motor car thus pushed upon said ward, and that it negligently placed the motorman where he could not keep a lookout.

The effect of the evidence is limited by the averments of the complaint. It does not appear that the absence of a lookout or the inability of the motorman to see the track caused or contributed to cause the injury complained of. The averment that the train was negligently started and backed around the curve requires the consideration of attendant circumstances, and its quality is largely determined by reference to them. A parade was passing over the streets, and a considerable number of spectators were present. The car which ran upon appellant's ward was a non-motor, freight-car, loaded and pushed west by a motor car attached. As these cars approached the place where the accident occurred, they were upon the north one of the two tracks maintained by appellees in said streets. A passenger-car was at the same time being run over the south track in an opposite direction. The boy, as the east-bound car passed, crossed the south track in its rear, and, running, stumbled and fell upon the north track ahead of the freight-car aforesaid, which ran upon him.

Upon a motion for a peremptory instruction, the court is bound to accept as true all facts which the evidence tends to prove, and to draw, against the party requesting

3. such instruction, all inferences which the jury might reasonably draw, and, in case of conflict in the evidence, to consider only that favorable to the party against whom the instruction is asked, that favorable to the other party being treated as withdrawn. *Curryer* v. *Oliver* (1901), 27 Ind. App. 424.

It can not be said, as a matter of law, that backing the car in question along the street, under the attendant circumstances, was not negligent. Whether running

4. the opposing cars at the same time was negligent or not, in view of all the attendant circumstances, the time, place and manner of the occurrence, considered together, was a question for the jury.

This proposition is entirely distinct from the question of contributory negligence, upon which the running of opposing cars may have a bearing. *Chicago, etc., R. Co.* v. *Hedges* (1886), 105 Ind. 398. The court therefore erred in not submitting the issue of negligence tendered by the complaint.

While it is true that contributory negligence is a matter of defense, it may be proved under the general denial, and the defendant is entitled to the benefit of such evi-

5. dence as is relevant thereto, introduced by the plaintiff. It having been shown by the appellant that his ward attempted to cross the track and fell upon it, and questions directed to his conduct prior to the accident having been asked and answered on cross-examination, it would have been only fair to hear in the same connection evidence as to his mental quality. It is alleged that the ward was twelve years old. Whether he possessed

2. the judgment and prudence usually possessed by boys of that age, or whether he possessed less or more knowledge and prudence than boys of that age usually

possess, was a matter of proof.   He was bound to exercise all the care that he might reasonably have exercised by the employment of his faculties.   *Keller* v. *Gaskill* (1894), 9 Ind. App. 670; *Citizens St. R. Co.* v. *Hamer* (1902), 29 Ind. App. 426.   The appellant does not aver that his ward was *non sui juris,* and is not therefore in position to assert such fact.   *Cleveland, etc., R. Co.* v. *Klee* (1900), 154 Ind. 430; *Citizens St. R. Co.* v. *Hamer, supra.*

The opinion herein contains a discussion as to the powers of an electric railway to operate their cars in city streets. The subject is of such importance that the majority of the court do not feel justified in deciding it upon the argument which has been made, and the expressions relative thereto are those of the judge writing the opinion.

Petition for rehearing overruled.