## MORGANTOWN MANUFACTURING COMPANY v. HICKS.

[No. 6,894.    Filed January 6, 1909.]

1. APPEAL.—*Bills of Exceptions.—Correction.—Memoranda.—Stenographer's Notes.*—The trial court cannot by a *nunc pro tunc* entry, correct a bill of exceptions, unless there be some written memorandum thereof in some record, or in the official stenographer's notes. p. 33.

2. APPEAL.—*Bills of Exceptions.—Objects.—How Made Part of.—Evidence.*—Objects are introduced in evidence by exhibiting them to the jury, but they cannot be brought physically into a bill of exceptions, a description, only, being proper. p. 34.

3. APPEAL.—*Bills of Exceptions.—Introducing Objects in Evidence.*—A statement, in a bill of exceptions, that "this is the piece of timber now exhibited before the jury," is the same as "this is the piece of timber introduced in evidence." p. 34.

From Morgan Circuit Court; *Joseph W. Williams,* Judge.

Action by Willard Hicks against the Morgantown Manufacturing Company. From a judgment on a verdict for plaintiff for $2,500, and from an order correcting the bill of exceptions filed, defendant appeals. (For decision on merits, see — Ind. App. —.) *Appeal from order correcting bill of exceptions sustained.*

*James Bingham,* for appellant.

*E. M. McCord* and *Willis Hickam,* for appellee.

RABB, J.—The appellee brought this action in the court below. Issues were formed, a trial had, and verdict returned in favor of appellee, appellant's motion for a new trial overruled, and time given in which to file bills of exception, and judgment rendered on the verdict. Within the time fixed by the court the appellant filed its bill of exceptions, in due form, setting out the evidence in the case. The bill of exceptions was properly signed by the trial judge, and filed in the clerk's office, and became a part of the record in the cause. The cause was then appealed to this court. After this the appellee filed his motion in the court below to correct

the bill of exceptions in this respect, there being this agreement set out in the original bill of exceptions: ''It is agreed by and between the parties, that this is the piece of timber introduced in evidence and is the piece used by Mr. Hicks, and was being used there when injured.'' It was claimed that this entry should have read: ''It is agreed by and between the parties, that this is the piece of timber now exhibited before the jury, that was used by Mr. Hicks, and was being sawed by him when injured.'' It was asked that the record be corrected so that the bill of exceptions in this respect would correspond with what appellee claimed it should be. To this proceeding appellant appeared, and such proceedings were had that the court ordered the bill of exceptions corrected as prayed for. An appeal was taken from this order, and is now pending in this court as auxiliary to the appeal taken from the judgment in the cause, and appellee has applied to this court for a writ of *certiorari* requiring the clerk to certify to the correction of the bill of exceptions. Appellant moved in the court below to dismiss the petition to have the bill of exceptions corrected, for the reason that no showing of any memoranda, in writing, existed of any mistake in the bill of exceptions, and no evidence thereof further than oral evidence. After the evidence was heard upon the appellee's motion to correct the record, appellant again moved to dismiss the petition for the same reason.

It is competent to correct a bill of exceptions as well as any other part of the record of the proceedings of courts, but to justify such correction there must be some written memorandum, memorial paper, or other minute of the transaction by which to make the amendment, or the same cannot be made. *Morgan* v. *Hays* (1883), 91 Ind. 132; *Driver* v. *Driver* (1899), 153 Ind. 88. The record imports absolute verity, and cannot be contradicted by parol evidence under the guise of correcting the

record, any more than it can be done in any other manner. In this cause it is sought to make the amendment by parol proof as to what was stated as the agreement during the introduction of the evidence. It is not pretended that the stenographer's shorthand notes are at all different from what the record appears to be. If they were, this would be such a memorandum as would authorize the amendment to the record, but it was not competent to dispute the record of the evidence contained in the bill of exceptions by parol testimony pure and simple, and for that reason the appellee's petition to amend the record should have been dismissed.

The petition should have been dismissed for the further reason that the amendment sought to be made, while changing the phraseology somewhat, does not change the sense and meaning of the matter sought to be amended. The stick, or piece of timber, about which the subject relates, could be introduced in evidence only by exhibiting it to the jury. That is the only way that inanimate articles are introduced in evidence, and the only way they can properly come into a bill of exceptions is by a description of the article exhibited to the jury. A piece of timber could not be brought into the bill of exceptions. To say that "it is agreed by and between the parties, that *this is the piece of timber now exhibited* before the jury, that was used by Mr. Hicks, and was being sawed by him when injured," means the same thing as "it is agreed by and between the parties, that *this is the piece of timber introduced in evidence* and is the piece used by Mr. Hicks, and was being used there when injured."

Appellant's auxiliary appeal is sustained, at appellee's costs, and the motion for a writ of *certiorari* refused.