### City of Henderson v. Book.

(Decided March 5, 1920.)

## Appeal from Henderson Circuit Court.

Electricity—Uninsulated Wires—Contributory Negligence—Question for Jury.—In an action by a telephone lineman for personal injuries caused by a telephone wire coming in contact with an electric light wire, evidence examined and the question of contributory negligence held for the jury.

B. S. MORRIS and VANCE & HEILBRONNER for appellant.

HENSON & TAYLOR and WOODWARD & DIXON for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Plaintiff, H. H. Book, who was an experienced lineman in the employ of the Henderson Telephone & Telegraph Company, brought suit against the city of Henderson to recover damages for personal injuries. He recovered a verdict and judgment for $12,500.00, which was credited by the sum of $1,809.00, which was awarded him by the Workmen's Compensation Board. The city appeals.

The city owns and operates an electric light plant which furnishes light for its streets and inhabitants by

means of electricity conducted over wires strung on poles located along the curb lines and across the streets. Two of the city wires were strung on poles along Third street and across Green street. The Henderson Telephone Company maintained about ninety-four telephone wires, which extended north and south on the west side of Green street and across Third street, and above and at right angles to the city wires, the lowest telephone wire being about three and one-half feet above the city wires. About ten o'clock on the morning of the accident plaintiff, who had been working for the telephone company for several years, accompanied his foreman to Third and Green streets for the purpose of locating some trouble there. There had been a wind and rain storm the night before, and the wires were damp. Plaintiff climbed the pole at the southwest corner of Third and Green streets, and then slid down the guy wire to a tree about six feet from the pole, and found several telephone wires entangled. One of these wires had broken loose from a pole at the southwest corner of the street, and had become entangled with the other wires in the branches of the tree. Plaintiff caught hold of the wire, which slacked back against the electric light wire, thus causing him to fall from the tree and resulting in serious injuries. There was evidence that the wire was not properly insulated or otherwise protected.

Plaintiff testified in substance as follows: It was impossible for him to remedy the trouble from the pole. When he got into the tree he found wires 8, 9 and 10 rolled together, and one of the wires had broken back at the insulation and had fallen into the tree. He reached over to get hold of the wire, and told the foreman it was broken. The foreman said, ''Can you hold it until I get back?'' He held it so that the foreman could get a piece of wire with which to connect it. At that time he was not jerking the wire. He ''just took hold of it and shook it loose; it went into the light wire.'' The wire did not break loose. It merely slacked back and there was enough slack to reach into the electric wire. When it touched the electric wire, the last he remembered was a flash of lightning. The foliage in the tree was thick and he could not see out of it. He had strung the telephone wires above the electric wires, and knew the electric wires were there. On being asked why he did not stretch the telephone wire to keep it from touching the light wire,

he answered, "I didn't know the light wire was there; ddn't pay any attention to it; didn't see them there." The foreman's testimony was as follows: Plaintiff told him one of the wires was broken. He replied, "Hold it like you have got it and I will get a piece of wire and we will catch it." The foreman turned, and as he turned he heard the wire strike the light wire. Plaintiff fell from the tree. The foliage in the tree was very dense. The telephone wire struck the light wire on the north side of Third street. It sounded like grease put in a hot skillet.

There is no complaint of the instructions, but it is insisted that plaintiff was guilty of contributory negligence as a matter of law. In support of this proposition it is argued that he was in the tree from which he could not see, that he knew that the telephone wire was loose and was suspended above the electric wire, and without looking to see whether the telephone wire was likely to come in contact with the electric wire, he shook it, and thus brought about his own injuries. The difficulty with this argument is that it places great stress upon plaintiff's knowledge of the location of the city wires, and the probability of the telephone wire coming in contact therewith, but overlooks entirely the right of plaintiff to assume that the city had performed its duty by properly insulating its wires. It is not the invariable rule that where the facts are undisputed, the question of contributory negligence is one of law. On the contrary, it is well settled that where there is room for honest difference of opinion among intelligent men as to whether the conduct of the plaintiff was that of an ordinarily prudent man, when considered in the light of all the facts and circumstances, the question of contributory negligence is for the jury, although the facts are undisputed. L. & N. R. R. Co. v. Lucas' Admr., 30 Ky. L. Rep. 363, 98 S. W. 308; Long v. L. & N. R. R. Co. 128 Ky. 34. While there are certain circumstances which tend to show that plaintiff did not exercise ordinary care for his own safety, yet when we take into consideration the fact that he had the right to assume that the city had exercised the highest practicable degree of care to have its wires properly insulated, and that he was not charged with the duty of inspecting the city wires, and measure his conduct in the light of these circumstances, we conclude that the question of contributory negligence is one about which ordinarily sensible men might reasonably entertain a difference of

opinion, and was therefore for the jury. Bowling Green Gas & Light Co. v. Dean, 142 Ky. 678, 134 S. W. 1115.

Neither the case of Cumberland Telephone & Telegraph Company v. Ware's Admr., 115 Ky. 581, nor the case of People's Telephone & Telegraph Co. v. Conant, 198 Fed. 624, announces a contrary doctrine. In the first case the question of contributory negligence was submitted to the jury. In the second case, Conant not only knew that the telephone wire was strung above the light wire and that both wires were uninsulated, but had previously received a shock which fully warned him of the danger.

Judgment affirmed.