## Creasy v. Bunch.

(Decided December 10, 1929.)

TUGGLE & TUGGLE for appellant.

H. H. OWENS and V. A. JORDAN for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Reversing.

Alma Creasy, by his next friend, brought this action against James Bunch to recover for personal injury received by him when struck by an automobile operated by Bunch. At the conclusion of the evidence for both parties, the circuit court peremptorily instructed the jury to find for the defendant. The plaintiff appeals.

The testimony of the plaintiff was in substance this: On the evening of October 23, 1926, about 6:30 p. m., the

plaintiff, his mother, Mrs. Laura Wyatt, Mrs. Nancy Jordan, and Mrs. Roxie Davis were walking along the Dixie Highway just outside of Barbourville, going to church. It was dark. Mrs. Creasy and Mrs. Wyatt were walking together on the right-hand side of the road. Mrs. Nancy Jordan and Mrs. Roxie Davis were just in front of them, and Alma Creasy was walking about 25 feet ahead of them and a foot from the edge of the concrete on the right side of the road, which was 18 feet wide. When they had gotten about 150 yards beyond the point where Knox street came out into the pike, Bunch came up in his car behind them. The first that Alma Creasy knew of his approach was when he heard the women hollering. He looked back, and the car was 3 or 4 feet from him, headed right at him. He tried to get away and jumped to the left or toward the center of the pike. The car struck him. It ran off the pike when it hit him. He was knocked unconscious, both legs were broken, his collar bone was broken, and he was very badly bruised. No signal was given of the approach of the car. There were no lights on the car, and it was running rapidly. Alma was then 15 years of age.

His mother, Mrs. Lizzie Creasy, who was behind him, testified that they were walking on the right-hand side of the pike going north, and that the first she knew of the car it brushed by her and struck Mrs. Wyatt before it hit her. When it struck her it curved to the left and then back to the right and struck her son, who was ahead of them. No signal was blown and they knew nothing of the approach of the car until struck.

Mrs. Nancy Jordan and Mrs. Roxie Davis testified they were not struck, but stated similar facts as to the approach of the car without any notice or warning. They were walking on the dirt at the side of the road.

The defendant, James Bunch, testified that when he turned out on the highway from Knox street he blew his horn; that further on he saw the ladies and the boy; that he was running about 15 miles an hour; that they were walking on the right side of the road; that when he saw them he blew his horn and cut to the left to keep from hitting them; that after he did this he saw the boy in front of him, 6 or 7 feet, going to the left, and he then turned back to the right to miss him and turned his car over; that there was nothing he could have done, after the

boy ran in front of the car, to avoid the collision. He said that his headlight was burning.

The circuit court appears to have given the peremptory instruction on the ground that the boy brought about his own injury by running in front of the car instead of running to the right when the car came upon him. In Grant v. Adams, 218 Ky. 535, 291 S. W. 785, 787, a case not unlike this, where the proof showed no signal was given of the approach of the car and a person was struck walking along the highway on the right-hand side, it was earnestly maintained that the plaintiff could not recover because she had jumped to the left when her companion had jumped to the right and escaped all injury; holding that a peremptory instruction should not have been given on this ground the court said: ''Her companion jumped in the other direction and escaped injury, and it is now argued that, if plaintiff had done likewise, she too, would have avoided the collision, and, because she did not do so, it is insisted she was guilty of contributory negligence. However, we cannot agree with learned counsel, since, if plaintiff was placed in peril by the negligence of defendant, as the testimony of herself and her companion confirms, she was not guilty of contributory negligence because she did not adopt the safe course while acting in the emergency that defendant's negligence produced.''

Again in Tri-State Refining Co. v. Skaggs, 223 Ky. 731, 4 S. W. (2d) 739, 740, a case not unlike this, the court sustaining recovery said this: ''The plaintiff was walking upon the proper side of the road at a place where she had a right to be. She had every right to suppose that the driver of the truck, having her in plain view in the broad light of midday, would so operate this truck as not to strike her.''

These cases follow the well-settled rule which was stated by the court in Wilder v. Cadle, 227 Ky. 489, 13 S. W. (2d) 497, 498, in these words: ''It was for the jury to decide whether her conduct on the occasion in question was that of an ordinarily prudent person under like circumstances, and whether she was so careless of her own safety as to defeat her right of action.''

The rule in Kentucky is that if there is any evidence the question is for the jury. If a person is suddenly placed in peril, he is not bound to take the wisest course to escape danger. He is only bound to exercise such care as may be reasonably expected of a person of ordinary

prudence, situated as he was, and whether he exercised this degree of care in jumping to the left or right is a question for the jury. Metts' Adm'r v. Louisville Gas, etc., Co., 222 Ky. 551, 1 S. W. (2d) 985. The credibility of the witnesses is for the jury. The court cannot take the case from the jury on the defendant's proof unless, admitting to be true the facts shown by the plaintiff and all the inferences reasonably to be drawn therefrom, the plaintiff has failed to make out his case.

Judgment reversed, and cause remanded for a new trial.