## Bowling v. Poe.

April 29, 1941.

268

C. P. Moore and H. N. Dean for appellant.

A. T. W. Manning and Edward R. Hays for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

Ralph Bowling, plaintiff below, is appealing from a judgment on a directed verdict given in favor of Robert Poe at the conclusion of his (Bowling's) evidence. Bowling was driving a sedan car on the state highway toward McKee around 4:30 in the morning of December 5, 1938. Robert Poe was coming from the direction of McKee with a truck load of tobacco. Bowling testified that he saw the truck approaching him; that both lights were burning; that the left headlight on his car was burning; that he pulled his car over to the right side of the road, leaving two wheels about 2½ feet on the paved part of the road; that he had his left arm resting on the window but that he had both hands on the steering wheel; that some part of the truck struck his arm, breaking it in four places; that the rear fender of his car and the rear bumper were damaged; and that the truck was driven approximately 250 steps before it was stopped. Other witnesses corroborated Bowling's testimony.

The court gave a peremptory instruction in favor of Poe at the conclusion of Bowling's evidence on the idea that "if a plaintiff is guilty of the commission of an act which contributed to an injury and but for which contributing act no injury would have occurred, then the law is for the defendant." It was the opinion of the court that Bowling was guilty of contributory negligence in having his arm resting on the window.

The appellee cites the case of Owen Motor Freight Lines v. Russell's Adm'r, 260 Ky. 795, 86 S. W. (2d) 708, 712, in support of the ruling of the trial court. In that case it was said:

"* * * Though injuries may result from the negligence of a defendant, or of a person for which he is responsible, no recovery can be had therefor, if the plaintiff's own negligence contributed to his own injuries or death."

But the case of Miracle v. Cavins, 254 Ky. 644, 72 S. W.

(2d) 25, 26, is controlling on the question before us. In that case it was said:

> "At the time of the accident appellee's arm was resting on one of the slats, and even if her elbow projected two or three inches beyond the slats, this was not contributory negligence as a matter of law. Bell & Bell v. Rascoe, 250 Ky. 756, 63 S. W. (2d) 932." See also cases cited in the Rascoe case. Stanley's Instructions to Juries, Section 113.

It follows, therefore, that the trial court erred in giving the peremptory instruction in favor of Poe, because the question as to whether Bowling was guilty of contributory negligence by having his arm resting on the window was a question for the jury.

Judgment reversed.