## HEDGECOCK *v.* ORLOSKY

[No. 27,729. Filed October 13, 1942.]

392

*Glenn D. Peters* and *Charles G. Bomberger,* both of Hammond (*Bomberger, Peters & Morthland,* of Hammond, of counsel), for appellant.

*Ora L. Wildermuth* and *George E. London,* both of Gary, and *Hume L. Sammons* and *Parker D. Hancock,* both of Kentland (*Wildermuth & Force,* of Gary, and *Lloyd T. Bailey,* of Chicago, Illinois, of counsel), for appellee.

SHAKE, J.—This is an appeal from a judgment for the appellee in an action for personal injuries charged to have been caused by the appellant's negligent operation of an automobile. The sole error assigned is the overruling of the motion for a new trial, in which it is asserted that the verdict is not sustained by sufficient evidence and that it is contrary to law.

The undisputed evidence and that most favorable to the appellee tend to establish the following facts: The accident occurred about 6:30 p. m., November 9, 1937, on Indianapolis boulevard in the City of Hammond, which is a heavily traveled thoroughfare consisting of two ways of three traffic lanes each, separated by double streetcar tracks. The appellant was driving north on the west lane of the east way which was next to the tracks. The appellee was in an automobile behind, proceeding in the same direction. The appellant suddenly slowed down and brought her car to a stop without warning about midway between intersecting streets, intending to cross the tracks to an eating place. The appellee applied his brakes but his car collided with the appellant's.

Immediately after this collision the appellee undertook to back his car under its own power preparatory to driving around the appellant but discovered that his front bumper was interlocked with that on the rear of the appellant's car. He thereupon got out of his car and went to the appellant who was sitting in her car and remonstrated with her for not having given a signal to indicate that she intended to make a left turn or stop. After a brief conversation between the parties the appellee went to the rear of the appellant's car on the west side for the purpose of disengaging the bumpers, where he learned that the point of contact was on the east side. The appellee then jumped between the cars to the east side. Meanwhile the appellant had alighted and gone to the rear west end of her car. The appellee lifted upon his bumper and both parties pushed, thereby separating the cars about two feet. While they were between the cars, another automobile approached from the south, ran into the appellee's car from the rear, and forced it against the rear of the appellant's

car inflicting injuries upon each of the parties to this appeal from which each lost a leg. It is not clear from his testimony whether the appellee went between the cars after they were separated or got himself into that position in his effort to disengage them. The appellant testified that a center guard on the rear bumper of her car was knocked off by the initial impact and that she and the appellee were between the cars looking for it and discussing that matter when the second collision occurred. In this she was corroborated, in part, by another witness to the accident, but the appellee disclaimed any recollection of such an incident. The time between the collisions was estimated to have been from three to five minutes.

The facts recited above constitute evidence of negligence on the part of the appellant. (Acts 1925, ch. 213, § 48, p. 570; Acts 1933, ch. 90, § 4, p. 653; § 47-525, Burns' 1933; § 11178, Baldwin's 1934 [in force at the time of the accident]; *Lorber* v. *Peoples Motor Coach Co.* [1929], 89 Ind. App. 139, 164 N. E. 859, 172 N. E. 526.)

The appellant contends that the act of the appellee in going between the cars constituted an independent, responsible, human agency which broke the chain of causation between the appellant's negligence and the appellee's injury, while the appellee asserts that the appellant's negligence was a substantial factor in producing an injury which was of a class reasonably foreseeable by the appellant. Both parties rely upon principles that are well recognized in the law of negligence. No good purpose would be served by restating these rules. The difficulty is in their application to the facts of the case.

It seems to be recognized that the human impulse of an owner to save his property is such that a prudent

effort to accomplish that end is reasonably to be expected by one whose negligence places such property in a situation of peril. 38 Am. Jur., Negligence § 81, p. 739. 64 A. L. R. 515. So, in the case at bar, we believe that when the appellant negligently caused the appellee's automobile to be interlocked with hers on a heavily traveled thoroughfare she was chargeable with knowledge that the appellee might be expected to take reasonable steps to disengage the vehicles and remove his automobile to a place of comparative safety.

This brings us to the question as to whether, under the facts before us, the appellee was guilty of contributory negligence as a matter of law. In this connection we quote from 38 Am. Jur., Negligence, § 185, p. 862:

"Of necessity there are in every controversy involving the question of negligence or the absence thereof two parties: the defendant and the person injured, or his representative. Since knowledge of the parties is the test of liability, the question of liability is sometimes resolved in a negligence action as one of comparative knowledge—the knowledge of the defendant as against the knowledge of the person injured. In more familiar form, the proposition is as follows: Liability is established when it is shown that the peril, being of the defendant's creation, was known to the defendant but not to the person injured; *but no liability is predicable of the injury when it appears that the injured person's knowledge of the danger surpassed or equaled that of the defendant.*" (Our italics.)

The parties occupied identical positions in so far as each was charged with knowledge of the dangers incident to going between the cars while they were standing on the highway. There are no facts in the record that would give either of them the advantage of a more favorable situation in that regard. Both were adults

and neither suffered from any disclosed disability or limitation of perception. If the appellant knew or by the exercise of ordinary care ought to have known that it would be hazardous for the appellee to undertake to disengage the vehicles without taking precautions to guard against a subsequent collision, the appellee must be charged with the same knowledge. It is impossible to say from the evidence that the appellant's negligence was operative at the time the injury occurred without concluding, as a matter of law, that the appellee was guilty of contributory negligence.

In *Cousins* v. *Glassburn* (1940), 216 Ind. 431, 438, 439, 24 N. E. (2d) 1013, 1016, it was said:

"The question of contributory negligence does not arise except in a case where it has been shown that the defendant was guilty of negligence which was a proximate cause of the injury. To establish the defense of contributory negligence it is, therefore, not necessary to show that the plaintiff's negligence was the sole proximate cause of the injury but only that it was a concurring or cooperating proximate cause."

The test of contributory negligence, like that of negligence, is whether ordinary care was exercised under the circumstances. *City of Valparaiso* v. *Schwerdt* (1907), 40 Ind. App. 608, 82 N. E. 923. *City of Tipton* v. *Racobs* (1911), 47 Ind. App. 681, 95 N. E. 265.

The appellee undertakes to absolve himself from the charge that he was guilty of contributory negligence by urging that he was suddenly confronted with an emergency. Ordinarily, such an issue is for the determination of the jury, but there are cases which lay down rules for ascertaining when such an emergency as the law recognizes, exists. It has been

said that three facts must appear before the doctrine of sudden peril applies. These are: First, that the peril, or the alarm, must have been caused by the negligence of the defendant (although it has also been held that the plaintiff is entitled to the benefit of the sudden danger rule even though the acts causing the danger are done by third persons, *Power* v. *Crown Stage Co.* [1927], 82 Cal. App. 660, 256 P. 457); second, the apprehension of peril, from the standpoint of the injured person, must have been reasonable; and third, the appearance of danger must have been so imminent as to leave no time for deliberation, *Stanley* v. *Helm* (1920), 204 Mo. App. 159, 223 S. W. 125. It is with the last of these elements that we are here most concerned. As has already been pointed out, the second collision occurred from three to five minutes after the first impact. In the meanwhile the appellee had undertaken to free his car by use of its own power and had discovered that the bumpers were interlocked. He had also alighted from his car and protested with the appellant with respect to her negligent conduct. Thereafter, he went to one side of his car for the expressed purpose of disconnecting the bumpers and, discovering that this could not be accomplished from that point, had crossed over to the other side. All this occurred before any attempt was made to push the cars apart. The appellee's conduct cannot be said to have been the result of a sudden and spontaneous reaction to a situation of peril, without opportunity for deliberation.

The appellee was no less negligent than if his own car had stopped on the highway from any cause and he had gone to the front of it to make repairs or adjustments without taking any precautions to guard against the danger of being injured by a collision produced by another car from the rear. The fact that the General

Assembly has seen fit to forbid by penal statute the parking of automobiles on the traveled portion of highways and the frequency with which persons are injured or killed while engaged in changing tires on cars standing on or near busy thoroughfares support the conclusion the appellee's conduct was negligent. We are not called upon to declare the exact standards of due care under the circumstances of this case, but it may be observed that the appellee might have prevailed upon the appellant to guard the rear of his automobile against oncoming traffic before placing himself in such a hazardous situation; or, failing, he might himself have flagged the traffic until the place was made reasonably safe before undertaking to move his automobile.

The judgment is reversed with directions to sustain the appellant's motion for a new trial.

Roll, C. J., dissenting.

NOTE.—Reported in 44 N. E. (2d) 93.