COMMUNITY STATE BANK OF ROYAL CENTER *v.*
DURBIN ET AL.

[No. 18,116. Motion To Correct Transcript overruled December 7, 1950. Decision on Merits filed May 7, 1951.]

230

*O'Neill & O'Neill,* of Logansport, for appellant.

*Hanna & Small,* of Logansport, for appellees.

## ON MOTION TO CORRECT TRANSCRIPT

PER CURIAM.—Appellees have filed a verified motion stating that the official shorthand reporter in transcribing her shorthand notes taken at the trial inadvertently omitted part of an answer to a question. This statement is supported by the affidavit of the reporter and the certificates of the trial judge and clerk of the court.

Appellees ask "that said omission above mentioned be inserted as a permanent part of the transcript of evidence given in this cause."

It is said in II Watson's Rev., *Works' Practice* 668, § 2097:

"The application to amend a bill of exceptions can not be made in the court to which an appeal has been taken. An appellate tribunal has no power to correct the record as it is certified by the clerk of the trial court. But after the bill has been corrected by the trial court, the corrected bill may then be brought up to the court in which the appeal is pending by a writ of *certiorari*, and it will then supersede the erroneous record."

See also: *Wabash, etc., Cement Co.* v. *Evarts* (1923), 79 Ind. App. 371, 135 N. E. 491, 135 N. E. 801; *Morgantown Mfg. Co.* v. *Hicks* (1909), 43 Ind. App. 32, 86 N. E. 856.

Appellees' motion is overruled.

NOTE.—Reported in 95 N. E. 2d 310.

## DECISION ON MERITS

CRUMPACKER, J.—This appeal concerns the appellant and the appellee Richard D. Widup only, there being no judgment for or against the other appellees named in the assignment of errors. It involves a personal bank check held by the appellant and drawn by the appellee on the First National Bank of Wabash, Indiana, payable to the order of Durbin Farm Service in the sum of $3,250. Payment of the check was stopped upon the written order of the appellee and the appellant, as the holder thereof, brought suit to collect it. A jury denied relief and judgment went accordingly. It is undisputed that the check was issued by the appellee wholly without consideration and the only question before us is whether or not the appellant is the holder thereof in due course and therefore entitled to recover free from such defense.

The following evidence is undisputed: On June 15, 1948, one Wayne Durbin was, and had been for a number of years, a resident of Cass County, Indiana, and under the name and style of Durbin Farm Service was engaged in the business of buying and selling farm implements and machinery. He had a commercial account in the appellant bank in which he made deposits and against which he drew checks in the usual course of business and, as the occasion prompted, he was accustomed to borrow money from the appellant for use in his business. At times he drew checks against his account without accurate knowledge as to its status and, according to the testimony of the appellant's cashier, "If there was enough money in there I paid them and if there was not enough money, I turned them back." The appellee is a resident of Wabash County and his principal business is farming but during the years 1947 and 1948 he had occasionally bought and sold farm machinery as a means of supplementing his income. He carried a checking account in the First National Bank of Wabash and had, at times, borrowed money from the appellant but never had been one of its depositors. In the course of its business the appellant had, on a number of occasions prior to that in question, cashed the appellee's checks drawn on his account in the Wabash bank and none of them had been dishonored.

On the 15th day of June, 1948, the appellee was in the market for a "tractor outfit including a disk, plow and cultivator" and early that morning went to Durbin's home to purchase one. The outfit Durbin proposed to sell him was in Monon, Indiana, and the appellee had never seen it. Durbin however had not yet completely paid for this outfit and did not have enough money in the bank to do so. He therefore asked the appellee for the purchase price in advance

and the appellee thereupon drew the check which is the subject of this litigation. Durbin endorsed it as follows, "Durbin Farm Service by Wayne Durbin" and gave it to his wife Maud for the purpose of negotiation at the appellant bank. Durbin and the appellee then left for Monon to look at the tractor outfit involved in the contemplated sale. It proved to be unsuitable for the appellee's needs and he refused to buy it. In the meantime Maud Durbin had presented the check to the appellant bank where she received $1,000 in cash and deposited the balance in the sum of $2,250 to Wayne Durbin's account. This balance was exhausted that same day through the presentation and payment of checks that Durbin had previously drawn against said account.

The deposit was made upon the appellant's regular form of deposit slip which had been in use for many years and upon which there was printed the following statement: "In receiving items for deposit or collection this Bank acts only as depositor's collecting agent and assumes no responsibility beyond the exercise of due care. All items are credited subject to final payment in cash or solvent credits. . . ." Despite the use of such deposit slips the appellant was accustomed to give a depositor's account immediate credit for checks payable to the depositor and properly endorsed unless it had reason to doubt their validity. The appellant put the appellee's check in the process of collection by forwarding it to its correspondent bank in Indianapolis during banking hours on the same day it was received. Sometime that evening the appellee called upon the appellant's cashier at his home in Royal Center, Indiana, and demanded the return of his check because, as he explained, he had received nothing for it in the way of consideration. The cashier told him he did not have the check but he should not worry about it because he

"would be taken care of." On the morning of June 17, the appellee went to his bank in Wabash, the designated payor of said check, and stopped the payment thereof. In due course it was returned to the appellant who later succeeded in collecting $1,767 from Durbin which was credited thereon, leaving a balance of $1,483 due and unpaid. Durbin was later discharged from all obligation to pay this balance by proceedings in bankruptcy and not until then did the appellant make any effort to collect it from the appellee.

The appellant contends that upon the above facts its status as a "holder in due course" of the check in suit appears as a matter of law and, as the appellee's sole defense is want of consideration, the verdict of the jury is contrary to law. The appellee on the other hand asserts that the undisputed evidence discloses that the terms under which the appellant came into possession of the check were written and cannot be varied by parol evidence. That according to said writing the appellant accepted the check for deposit as Durbin's collecting agent and that any credit given to his account was conditional upon final payment in cash or solvent credits. Therefore Durbin and not the appellant is the actual holder of the check in suit and his defense of want of consideration is valid.

In the case of *Olinger* v. *Sanders* (1931), 92 Ind. App. 358, 174 N. E. 513, this court had occasion to construe the legal import of a deposit slip upon which there was printed the verbatim statement involved here. In that case we quoted with approval the language of Mr. Justice Stone in *Douglas* v. *Federal Reserve Bank* (1926), 271 U. S. 489, 70 L. Ed. 1051, as follows: "While there is not entire uniformity of opinion, the weight of authority supports the view that upon the deposit of paper unrestrictedly endorsed and credit of the amount to the depositor's account, the

bank becomes the owner of the paper, notwithstanding a custom or agreement to charge the paper back to the depositor in the event of dishonor." The undisputed evidence in the present case shows that the check in suit bears an unrestricted endorsement and, when it was deposited, Durbin's wife received $1,000 in cash and his account was given immediate credit for the balance. This constituted a transfer of title to the appellant notwithstanding the terms of deposit stated on the slip. Furthermore such terms were obviously for the benefit and protection of the appellant and it could waive them if it chose. *Olinger* v. *Sanders, supra.* Its conduct clearly indicates that it did so.

What transpired at the appellant's bank when Maud Durbin presented the check for negotiation and in what manner the transaction was handled, was established by the testimony of Volna E. Ritz, the appellant's cashier, without objection. The appellee now contends that the jury was justified in disbelieving his statement that Durbin was given immediate credit for the check because the appellant's records show the fact in respect thereto and its failure to produce them justifies the inference that they show otherwise. When secondary evidence is admitted without objection no question in respect to its competence is available on appeal nor do we know of any rule of law that warrants the discredit of such testimony solely because it is of a secondary character.

But even so, the appellee contends that it does not necessarily follow that, because the appellant is the holder of the check in suit, it is the holder thereof in due course and that there are facts and circumstances disclosed by the evidence which warranted the jury in finding that it was not. Burns' 1950 Replacement, § 19-402, provides as follows:

"A 'holder in due course' is a holder who has taken the instrument under the following conditions:

"1. That the instrument is complete and regular upon its face;

"2. That he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact;

"3. That he took it in good faith and for value;

"4. That, at the time it was negotiated to him, he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it."

It is undisputed that the check in suit is complete and regular upon its face; that the appellant took it before it was overdue and at that time it had not been previously dishonored. That leaves the appellant's status as a holder in due course dependent upon whether he took it in good faith for value and without notice of any infirmity in the instrument or defect in Durbin's title. Burns' 1950 Replacement, § 19-405 states:

"The title of a person who negotiates an instrument is defective within the meaning of this act when he obtained the instrument, or any signature thereto, by fraud, duress, or force and fear, or other unlawful means, or for an illegal consideration, or when he negotiates it in breach of faith or under such circumstances as amount to a fraud."

We find no evidence in the record that indicates that Durbin's title to the check in suit was defective. It is obvious that he did not obtain it through force, fear, duress or other unlawful means and that its contemplated consideration was not illegal. Nor do we think fraud appears in the transaction as the evidence indicates nothing more than the fact that the appellee, as an accommodation to Durbin, paid in advance for

farm machinery which he had never seen and concerning which Durbin had made no representations and which the appellee subsequently rejected as unsuitable to his needs. There was no breach of faith in the immediate negotiation of the check as it was given expressly for that purpose in order that Durbin might have money enough in the bank to cover a check he proposed to draw to complete his payment for the machinery he expected to sell to the appellee. This narrows the inquiry down to the question as to whether there was an infirmity in the check of which the appellant had notice at the time it took it. As a general rule want of consideration constitutes infirmity in negotiable paper and one becoming a holder thereof with knowledge of such infirmity cannot be a holder in due course. *National City Bank* v. *Parr* (1933), 205 Ind. 108, 185 N. E. 904. It is undisputed that the appellee received nothing in exchange for the check in question but we have combed the record for evidence that the appellant knew such to be the fact at the time it acquired title thereto. The only evidence on the subject indicates that knowledge of want of consideration first came to the appellant hours after it had credited the check to Durbin's account and placed it in the course of collection.

Finally the appellee seeks to justify the jury's verdict on the theory that the evidence warrants an inference that Ritz, the appellant's cashier, was a sort of silent partner of Durbin's in the farm equipment business and as such aided him, through the bank, in kiting checks of which the check in suit was one and therefore the whole transaction lacks the good faith necessary to constitute the appellant a holder in due course. There is no direct evidence to that effect and we find none that would justify such an inference. We have studied this record with care

and can account for the verdict only upon two theories: (1) The jury concluded that one of two innocent parties must suffer the loss and it should be borne by the party better able to sustain it; and (2) the jury discredited the undisputed testimony of Ritz, the only witness in the case who testified concerning the manner in which the appellant handled the check upon its presentation for credit and its good faith in the transaction. The first of these theories squares with no principle of law or equity and there is nothing appearing in the record that justifies the second. We find a few contradictions concerning immaterial matters in the testimony of Ritz but on the vital issues it stands alone and undisputed. Its repudiation, if the jury so did, was arbitrary and capricious and obviously prompted by matters not disclosed by the record.

Judgment reversed and cause remanded with instructions to sustain the appellant's motion for a new trial.

NOTE.—Reported in 98 N. E. 2d 604.