SLINKARD v. BABB, WILSON.

[No. 18,289. Writ of Certiorari filed April 24, 1952. Opinion on Merits filed June 12, 1953. Rehearing denied February 26, 1954. Transfer denied October 5, 1954. Rehearing dismissed November 16, 1954.]

*Kelley, Arnold & Kelley,* and *Vincent Kelley,* of Anderson, *Emmanuel H. Baugh,* of Evansville, *Sanford Trippet,* of Princeton, for appellant.

*Waller, McGinnis & Merrill,* of Evansville, *McDonald & McDonald,* of Princeton, for appellee, Babb.

*Ortmeyer, Bamberger, Ortmeyer & Foreman,* of Evansville, and *Gerald E. Hall,* of Princeton, for appellee, Wilson.

## ON WRIT OF CERTIORARI

PER CURIAM.—The appellant asks us for a writ of certiorari directing the judge, clerk and reporter of the Gibson Circuit Court to correct the general bill of exceptions containing the evidence in this cause by supplying certain specified omissions. This we have no power to do, but such bill, like other parts of the record, may be corrected *nunc pro tunc* upon proper application to the trial court in order that it may speak the truth. *Community State Bank of Royal Center* v. *Durbin* (1950), 121 Ind. App. 229, 95 N. E. 2d 310. When such application is filed in the trial court a petition should be filed here asking that the transcript containing the bill of exceptions be returned to the trial court for use at the hearing of the application, and if the application is granted the court orders the bill amended to speak the truth. The corrected bill may then be brought here by a writ of certiorari and thereupon it supersedes the erroneous record. 2 Watson's Works Practice 668, §2097. Exhibits suitable for incorporation in the bill but omitted therefrom are not a part of the record even though introduced in evidence, and they can be brought in only through procedure above indicated. *Wabash, etc., Cement Co.* v. *Evarts* (1923), 79 Ind. App. 371, 135 N. E. 491, 135 N. E. 801. Exhibits unsuitable for incorporation in the bill, such as clothes, guns, machinery, etc., should be correctly described therein. *Bridgewater* v. *State* (1899), 153 Ind. 560, 55 N. E. 737;

*Morgantown Mfg. Co.* v. *Hicks* (1909), 43 Ind. App. 32, 86 N. E. 856. Failure to so describe such an exhibit can be corrected only by the trial court.

The appellant's petition for certiorari also calls our attention to the fact that the clerk's certificate attached to the bill contains no statement to the effect that said bill was filed after it was signed and approved by the trial judge and asks us to order it so corrected. The court's orderbook entry of November 5, 1951, shows that the bill, having been examined, approved and signed by the trial judge, was filed on that date. This is sufficient to bring the same into the record and the amendment sought is unnecessary. *Walner* v. *Capron* (1946), 224 Ind. 267, 66 N. E. 2d 64

Petition denied.

## ON THE MERITS

BOWEN, J.—This is an appeal from a judgment rendered in a cause in which the court below sustained written motions of both defendants, the appellees herein, for a directed verdict, and instructed the jury to find for the appellees.

The questions in this appeal are confined to the issues joined on the appellant's first paragraph of complaint, the defendants' answer and the reply thereto, and the evidence introduced at the trial in support of such paragraph of complaint. This paragraph of complaint sought damages for personal injuries sustained in an automobile accident.

The errors assigned for reversal and not waived are, that the court erred in sustaining the motion of both appellees to give to the jury at the conclusion of plaintiff's evidence in chief a peremptory instruction to return a verdict in favor of each of the defendants; and in so peremptorily instructing the jury; and that the

decision of the court is not sustained by sufficient evidence and is contrary to law.

It is well settled that the trial court may, and it is its duty upon proper request, to direct a verdict for the defendant in cases where the evidence most favorable to the plaintiff, together with all reasonable inferences which a jury might draw therefrom, is insufficient to establish one or more facts essential to the plaintiff's right of action. *Patterson* v. *Southern R. Co. of Ind.* (1912), 52 Ind. App. 618, 99 N. E. 491; *Cleveland, etc., R. Co.* v. *Haas* (1905), 35 Ind. App. 626, 74 N. E. 1003; *Tabor* v. *Continental Baking Co.* (1941), 110 Ind. App. 633, 38 N. E. 2d 257.

The foregoing rule only applies where it clearly appears that the evidence fails to establish one or more of the facts essential to a recovery, and where the facts and the reasonable inferences which may be drawn therefrom are not disputed and where the only possible inference to be drawn therefrom is favorable to the party asking the instruction. *Lyons* v. *City of New Albany* (1913), 54 Ind. App. 416, 103 N. E. 20; *Roberts* v. *Terre Haute Electric Co.* (1905), 37 Ind. App. 664, 76 N. E. 323; *Cleveland, etc., R. Co.* v. *Gossett* (1909), 172 Ind. 525, 87 N. E. 723.

The principal questions for our determination in passing upon appellant's assignments of error is whether, considering only reasonable inferences favorable to the appellant, such appellant was guilty of contributory negligence as a matter of law, and whether there was sufficient evidence to go to the jury on the question of the negligence of the appellees.

The substantial facts in this case are not in dispute and the circumstances leading up to the accident in question are as follows:

Appellant, with his wife and two children, with two

hunting dogs in the rear compartment of the car, were returning from a vacation trip. Appellant was operating his Ford automobile on the highway approaching the Evansville - Henderson bridge which crosses the Ohio river. The highway was icy in spots and one of the witnesses testified that the condition of the surface of the highway on the bridge was solid ice. The appellant was driving his car, at a speed of approximately fifteen miles per hour, about 10:30 P.M., up an incline in a northerly direction approaching the bridge proper and following a car about twelve feet ahead of him in the line of traffic on the East or right-hand side of the highway. The appellee Babb was operating his car following the appellant Slinkard, and after the cars were one-fourth of the way across the bridge, Babb ran his car into the back end of appellant's car, knocking it into the rear end of the car ahead. Appellee Babb was traveling twenty to twenty-five miles per hour at this time. The car ahead of appellant moved on, stopping only momentarily, and it moved on across the bridge and disappeared. The impact between Babb's car and Slinkard's car broke the front bumper guard from the bumper of appellant's car. Appellant stopped his car with only a few feet separating the back bumper of his car and the front bumper of appellee Babb's car. Following the impact Slinkard got out of the left front door of his car and picked up the bumper guard, which had been broken off by the force of the collision with the car in front, and put it in the car. He then went immediately to the back of his car and was standing between the back of his car and the Babb car where he met Babb. In a matter of seconds, and not more than one minute after the original impact between his car and Babb's car, the car of appellee Wilson approached from the South.

The appellant saw the lights of Wilson's car and tried to jump to the East but was caught between the bumpers of his car and Babb's car as Wilson's car crashed into the rear of Babb's car, and he was injured seriously and permanently. All of the cars were in the driving lane of the bridge which was divided into three lanes and the center lane and the West lane of the bridge at the time were clear of traffic. The bridge and the approach to the bridge is straight for about six-tenths of a mile to the South from where the appellant's automobile was crashed into by the appellee's automobile and there was nothing in that six-tenths of a mile to obstruct the view. The impact caused by the striking of the Babb car by Wilson's car, forcing it against appellant's car and injuring him between the two automobiles, forced the appellant's automobile from thirty to thirty-five feet up an incline, and witnesses described the crash as "a real loud crash"—"a terrific crash." There was some evidence that Wilson's breath smelled of liquor immediately following the crash.

The appellees requested that judicial notice be taken of the common law and statutes of the Commonwealth of Kentucky in so far as the same were applicable to the issues and evidence in this case. This state recognizes the general rule that if an action to recover damages for a tort that was committed in one jurisdiction is brought in another jurisdiction, the law of the place where the tort was committed controls as to liability for the tort. *Clark* v. *Southern R. Co.* (1919), 69 Ind. App. 697, 119 N. E. 539. While the law of Kentucky clearly controls this case, this court will presume that the common law as recognized in Indiana is the same as the common law as recognized in the state of Kentucky until the contrary is shown. *Balti-*

*more, etc., R. Co.* v. *Reed* (1902), 158 Ind. 25, 62 N. E. 488; *Morley* v. *C., C., C. & St. L. R. R. Co.* (1935), 100 Ind. App. 515, 194 N. E. 806. The appellees insist that the case of *Hedgecock* v. *Orlosky* (1942), 220 Ind. 390, 44 N. E. 2d 93, is controlling in this case in that there are no Kentucky cases to the contrary with factual situations analogous to the case at bar. In *Hedgecock* v. *Orlosky, supra,* the court held that the acts of the plaintiff in such case constituted contributory negligence as a matter of law. However, the language of the court in this case clearly shows that an entirely different factual situation was presented to the court. At page 397 the court stated:

> "It is with the last of these elements that we are here most concerned. As has already been pointed out, the second collision occurred from three to five minutes after the first impact. In the meanwhile the appellee had undertaken to free his car by use of its own power and had discovered that the bumpers were interlocked. He had also alighted from his car and protested with the appellant with respect to her negligent conduct. Thereafter, he went to one side of his car for the expressed purpose of disconnecting the bumpers and, discovering that this could not be accomplished from that point, had crossed over to the other side. All this occurred before any attempt was made to push the cars apart. The appellee's conduct cannot be said to have been the result of a sudden and spontaneous reaction to a situation of peril, without opportunity for deliberation."

In the case at bar the appellant engaged in the following course of conduct which the appellees insist constitutes contributory negligence as a matter of law: After his car was struck from behind by the Babb car and knocked into the car in front of him, breaking the bumper guard, the appellant got out of the car, picked up the bumper guard, put it in the back of his car,

went to the rear of his car, all in a period of time which did not exceed one minute, when he was struck by the force of the impact caused by the Wilson car. In view of the circumstances and the fact that the appellant's two children were in the back seat of the car, and two hunting dogs were in the rear compartment, and the fact that his car had been struck in the rear and damaged in the front, it seems clear that whether or not he used due care in his actions during the minute of time prior to the collision, presented a question for the jury to resolve, and such acts did not come within the scope of the factual situation presented in *Hedgecock* v. *Orlosky, supra*. In addition, while Kentucky has a statute prohibiting stopping on the highway, there is also a statute in Kentucky somewhat different from the Indiana statute, which provides:

"Any person who, while operating his vehicle on a highway runs against or over any other person, vehicle, or personal property, in possession of any other person, in such a manner as to injure the other person or damage the property, shall immediately stop and ascertain the extent of the injury or damage and render such assistance as may be needed."

Kentucky's Revised Statutes (1948), §189.580. Considering the statutes in question, and the acts of the defendant, with particular consideration to the short period of time involved, it does not seem proper to extend the rule in the case of *Hedgecock* v. *Orlosky, supra*, to the facts in the instant case.

The Kentucky decisions relating to the question before us have laid down the following general rule that "the question of contributory negligence is one for the jury where, considered in the light of proven facts and circumstances, there is room for honest difference of opinion among intelligent men

as to whether the conduct of the injured party was that of an ordinarily prudent man." *Chesapeake & Ohio Ry. Co.* v. *Hick's Adm'r.* (1933), 248 Ky. 510, 58 S. W. 2d 910; *Creasy* v. *Bunch* (1929), 232 Ky. 56, 22 S. W. 2d 446; *City of Henderson* v. *Book* (1920), 187 Ky. 612, 219 S. W. 787; *Bowling* v. *Poe* (1941), 286 Ky. 267, 150 S. W. 2d 897. Whether or not the appellant was negligent in making at least a cursory inspection of the front and rear of his vehicle, under the circumstances shown here presented a question for the jury as to contributory negligence.

Having determined that the issue as to appellant's contributory negligence was a jury question, it then becomes necessary for us to decide whether the record shows sufficient evidence of negligence on the part of the appellees Wilson and Babb which proximately caused the injuries to the appellant, the withdrawal of which from the jury would constitute reversible error.

As far as the appellee Glenn Babb is concerned, his independent acts resulted in a small amount of property damage to the appellant's car which is not an issue in this case by reason of the dismissal with prejudice of the second paragraph of appellant's complaint. Babb's acts did no more than furnish a condition by which the subsequent injury to the appellant was made possible, and under the rule of proximate cause, both in this state and in Kentucky, Babb's acts cannot be held to be the proximate cause of the injuries to the appellant. As the rule was stated in the case of *Dixon* v. *Kentucky Utilities Co.* (1943), 295 Ky. 82, 174 S. W. 2d 19, 155 A. L. R. 150:

"If the negligence does nothing more than furnish a condition by which the injury is made possible, and that condition causes an injury by the subsequent independent act of a third person, the two are not concurrent, and the existence of

the condition is not the cause of the injury. . . . An essential element of proximate cause is the requirement that the result must be such as might reasonably have been anticipated in the ordinary experience of men. In applying this rule to a case like the instant one, wherein the alleged negligence merely created a condition by which the injury was made possible, and the subsequent independent act of an intervening agency caused the injury, logic requires not only that the type of injury should have been anticipated but that the intervention of the independent agency should have been anticipated."

It could not have been reasonably foreseeable that Babb's conduct would result in the chain of events which caused appellant's injury, nor could the acts of the appellee Wilson, as recited in the facts set forth in this opinion, have been anticipated. The acts of Wilson constituted an intervening force which broke the chain of causation between Babb's conduct and the injuries of the appellant.

Considering the condition of the weather, the icy highway, the facts that after Wilson's car struck the Babb car and forced it against appellant's car, thereby pushing it some thirty to thirty-five feet up an incline, it seems clear that it was for the jury to determine whether or not the appellee Homer R. Wilson was guilty of negligence.

For the reasons stated herein the lower court erred in instructing the jury to return a directed verdict for the appellee Homer R. Wilson, but did not err in directing the jury to return a verdict for the appellee Glenn Babb, and the decision of the court was contrary to law in instructing the jury to return a directed verdict for the appellee Homer R. Wilson.

The judgment therefore is affirmed in part and reversed in part. The judgment of the court based upon the jury's verdict on the court's peremptory instruction

in favor of the defendant Homer R. Wilson as to paragraph one of plaintiff's complaint is hereby reversed. The judgment of the court based upon the jury's verdict on the court's peremptory instruction in favor of Glenn Babb as to paragraph one of plaintiff's complaint is hereby affirmed, and the court below is instructed to sustain appellant's motion for a new trial as to the issues presented between appellant and appellee Homer R. Wilson.

Achor, J., not participating.

### ON PETITION FOR REHEARING.

BOWEN, J.—The appellee Homer R. Wilson asserts as grounds for rehearing that the court failed to pass upon the questions presented by the brief of the appellee Wilson with respect to appellant's failure to bring into the record a proper bill of exceptions containing the evidence, and his failure to bring to the court a proper record showing the filing of a praecipe within the time provided by the rules of court for the taking of an appeal. Such alleged deficiencies in the appeal record asserted by appellee were corrected by certiorari granted as prayed by this court on September 30, 1952.

After a full consideration of all the specifications in appellee Homer R. Wilson's petition for rehearing we are of the opinion that our original opinion on the merits should stand, and the petition for rehearing of said appellee Homer R. Wilson is denied.

NOTE.—Writ of certiorari denied, 105 N. E. 2d 342.
Decision on Merits reported in 112 N. E. 2d 876.
Rehearing denied in 117 N. E. 2d 564.
(See also dissenting opinion Judge Emmert on denial of petition to transfer, 122 N. E. 2d 463.)